UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
EMC CORPORATION, EMC INFORMATION   :
SYSTEMS INTERNATIONAL, and DELL
(CHINA) COMPANY LIMITED,           :

         Plaintiffs,           :     Civil Action
                                              No. 20-11494-IT
  v.                                  :

XIAOFEI SHAWN SHI,                  :

         Defendant.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFFS EMC CORPORATION'S, EMC INFORMATION
SYSTEMS INTERNATIONAL'S, AND DELL (CHINA) COMPANY
LIMITED'S RESPONSE TO ORDER TO SHOW CAUSE (ECF NO. 6)**

      Plaintiffs EMC Corporation, EMC Information Systems International, and Dell (China) Company Limited (collectively, "Plaintiffs") respectfully submit this response to the Court's Order to Show Cause dated November 10, 2020 (the "Order"). (ECF No. 6.)

      In the Order, the Court notes that: (i) the Complaint was filed on August 7, 2020; (ii) a summons was issued as to Defendant Xiaofei Shawn Shi on August 10, 2020; and (iii) as of November 10, 2020, the summons with proof of execution had not been filed within 90 days of the filing of the Complaint. (*Id.* at 1.) Citing Rule 4(m), which sets a 90-day deadline for service, and Local Rule 4.1(b), which provides for dismissal in the absence of such service, the Court has ordered that Plaintiffs show cause for their failure to file the summons with proof of execution within 90 days. (*Id.*) For the reasons set forth below, the Complaint should not be dismissed for lack of proof of service.

**I.  THE NINETY-DAY DEADLINE FOR
SERVICE IN RULE 4(M) DOES NOT APPLY HERE**

Rule 4(m) — which sets a 90-day deadline for service — "does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 7.1(d)(3)(A)."  Fed. R. Civ. P. 4(m); *see also* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1137 (4th ed. 2020) ("Wright & Miller") ("Rule 4(m)'s deadline for serving process does not apply to service in a foreign country, even if there has been no attempt at service of the summons and complaint within the Rule 4(m) period."); *Turpin v. Mori Seiki Co. Ltd.*, 56 F. Supp. 2d 121, 129 (D. Mass. 1999) (noting than an exception to Rule 4(m)'s time limit for service "has been carved out for service upon defendants in foreign countries").

Here, Defendant Shi is a citizen and resident of China.  (ECF No. 1 ¶ 18.)  Accordingly, Rule 4(m)'s 90-day deadline for service does not apply.

**II.  PLAINTIFFS DILIGENTLY INITIATED THE PROCESS FOR SERVICE**

Because Defendant is located in China, service upon him is governed by Rule 4(f).  Under that rule, service may be accomplished "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" (the "Hague Convention").  Fed. R. Civ. P. 4(f)(1).  Under the Hague Convention,

> the party seeking service will send its request to the Central Authority designated by the foreign nation in which service is to be made.  It is then the responsibility of the Central Authority to provide for service according to Convention guidelines or by the internal law of the foreign state in which it sits.  Article 6 of the Convention provides that the Central Authority, or any other authority it has designated for the purpose, will complete a certificate stating that service has been made and will list the date, place, manner, and person that has been served.

4B Wright & Miller § 1136.

China is a party to the Hague Convention. *See* United States State Dep't, Judicial Assistance Country Information:  China, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html.  Accordingly, Plaintiffs have diligently sought service on Defendant through the Hague Convention, transmitting the package of required papers to the Chinese Central Authority on September 25, 2020 — less than sixty days after filing of the Complaint.  (*See* Ex. A (Request for Service Abroad of Judicial or Extrajudicial Documents, enclosing Complaint, summons, associated papers, and certified translations).)  Plaintiffs' request for service was received by the Chinese Central Authority for service upon Defendant on September 29, 2020.  (Ex. B (Proof of Delivery).)  To date, proof of service has not yet been returned to Plaintiffs; when it is, Plaintiffs will promptly file it with the Court.

Dated: November 17, 2020
　　　 Boston, Massachusetts

Respectfully submitted,

/s/ *James R. Carroll*
James R. Carroll (BBO #554426)
Marley Ann Brumme (BBO # 687822)
SKADDEN, ARPS, SLATE,
　 MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
marley.brumme@skadden.com

*Counsel for Plaintiffs*
*EMC Corporation, EMC Information Systems International and Dell (China) Company Limited*