# EXHIBIT A

Case No.: 1:20-cv-11494-IT

# REQUEST
## FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS
### *DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ÉTRANGER*
*D'UN ACTE JUDICIARE OU EXTRAJUDICIAIRE*
Convention on the service abroad of judicial and extrajudicial documents in civil or
commercial matters, signed at The Hague, November 15, 1965.
*Convention relative à la signification et à la notification à l'étranger des actes judiciares ou extrajudiares en matière civile*
*ou commerciale, signée à La Haye, le 15 Novembre 1965.*

| | |
|---|---|
| **Identity and address of the applicant**<br>*Identité et adresse du requérant*<br><br>Tom R. McLean, Esq.<br>LEGAL LANGUAGE SERVICES<br>8014 State Line Road, Suite 110<br>Leawood, Kansas 66208<br>UNITED STATES OF AMERICA<br>Tel. 1.913.341.3167 | **Address of receiving authority**<br>*Adresse de l'autorité destinataire*<br><br>HAGUE CENTRAL AUTHORITY FOR THE PEOPLE'S<br>REPUBLIC OF CHINA<br>International Legal Cooperation Center<br>Ministry of Justice of China<br>No.33 PingAnLi XiDaJie<br>Xicheng District, Beijing 100035<br>PEOPLE'S REPUBLIC OF CHINA |

The undersigned applicant has the honour to transmit -in duplicate- the document listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,
(identity and address)
*Le requérant soussigné a l'honneur de faire parvenir—en double exemplaire—à l'autorité destinataire les documents ci-dessous énumérés,*
*en la priant conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, savoir:*
(identité et adresse)   Xiaofei "Shawn" SHI, *an individual*
4-7-1103, Qing Shangyuan, Haidian District, Beijing
PEOPLE'S REPUBLIC OF CHINA

☒ (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*   Service in accordance with the
*(a) selon les formes légales (article 5, alinéa premier, lettre a).*                laws of China for service of documents in its territory.
✱ Per your declarations, a bank transfer for USD95 was made to pay for the cost of service. ✱

☐ ~~(b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)*~~¹
~~(b) selon la forme particulière suivante (article 5, alinéa premier, lettre b):~~

☐ ~~(c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)*~~¹
~~(c) le cas échéant, par remise simple (article 5, alinéa 2).~~

The authority is requested to return or to have returned to the applicant a copy of the documents—and of the annexes*--with a certificate as provided on the reverse side.
*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte—et de ses annexes—avec l'attestation figurant au verso.*

THE PERSONS AND ENTITIES WITHIN THE UNITED STATES COMPETENT TO FORWARD SERVICE REQUESTS PURSUANT TO ARTICLE 3 INCLUDE ANY COURT OFFICIAL; ANY ATTORNEY; OR ANY OTHER PERSON OR ENTITY AUTHORIZED BY THE RULES OF THE COURT. (See U.S. declarations to the 1965 Convention at Hague Conference website: https://www.hcch.net/en/states/authorities/details3/?aid=279)

List of documents
*Enumération des pieces*

| | |
|---|---|
| Executed "Request" | |
| "Certificate" (unexecuted) | Done at Leawood, Kansas, U.S.A., the  9/25/20 |
| "Summary" | *Fait à _____, le _____* |
| "Notice" | Signature and/or stamp. |
| Summons in a Civil Action, in English and Chinese | *Signature et/ou cachet.* |
| Complaint, in English and Chinese | |
| Civil Cover Sheet, in English and Chinese | |
| CategoryForm-1-2019, in English and Chinese | |

Plaintiffs EMC Corporation's, EMC Information Systems International's, and Dell (China) Company Limited's Corporate Disclosure
Statement, in English and Chinese
Notice of Appearance, in English and Chinese

*Delete if inappropriate
*Rayer les mentions inutiles.*

(Formerly OBD-116 which was formerly LAA-116,     USM-94
1 both of which may still be used)             (Est. 11/22/77)

## CERTIFICATE
*ATTESTATION*

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

**1) that the document has been served \***
*1. que la demande a été exécutée*

    **- the (date)**
    *- le (date)* _____
    **- at (place, street, number)**
    *- à (localité, rue numéro)* _____

    **- in one of the following methods authorised by article 5-**
    *-dans une des formes suivantes prévues à l'article 5:*
        ☐ **(a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention\*.**
        *a) selon les formes légales (article 5, alinéa premier, lettre a).*
        ☐ **(b) in accordance with the following particular method\*:**
        *b) selon la forme particulière suivante :* _____

        ☐ **(c) by delivery to the addressee, who accepted it voluntarily. \***
        *c) par remise simple*
    **The documents referred to in the request have been delivered to:**
    *Les documents mentionnés dans la demande ont été remis à:*
        **-(identity and description of person)**
        *-(identité et qualité de la personne)* _____

        **-relationship to the addressee (family, business, or other):**
        *-liens de parenté, de subordination ou autres, avec le destinataire de l'acte:* _____

**2) that the document has not been served, by reason of the following facts\*:**
*2. que la demande n'a pas été exécutée, en raison des faits suivants:*
_____
_____
_____

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement\*.
*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

**Annexes**
*Annexes*
**Documents returned:**
*Pièces renvoyées:*
_____
_____

    **In appropriate cases, documents establishing the service:**
    *Le cas échéant, les documents justificatifs de l'exécution:*
_____
_____

**Done at** _____ **, the** _____
*Fait à* _____ *, le* _____

**Signature and / or stamp.**
*Signature et / ou cachet.*
_____

Case No.: 1:20-cv-11494-IT

## SUMMARY OF THE DOCUMENT TO BE SERVED
*ELEMENTS ESSENTIELS DE L'ACTE*

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial
matters, signed at The Hague, November 15, 1965.
*Convention relative à la signification et à la notification à l'étranger des actes judiciaires et extrajudiciares
en matière civile ou commerciale, signée à La Haye, le 15 Novembre 1965.*

(article 5, fourth paragraph)
*(article 5, alinéa 4)*

| | |
|---|---|
| **Name and address of the requesting authority:** | Tom R. McLean, Esq. |
| *Nom et adresse de l'autorité requérante :* | LEGAL LANGUAGE SERVICES |
| | 8014 State Line Road, Suite 110, Leawood, Kansas 66208, U.S.A. |
| | Tel. 1.913.341.3167 |

**Particulars of the parties\*:**
*Identité des parties :*   EMC CORPORATION, EMC INFORMATION SYSTEMS INTERNATIONAL, et al., *Plaintiffs*
XIAOFEI "SHAWN" SHI, *Defendant*

### JUDICIAL DOCUMENT\*\*
*ACTE JUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte :*   To give notice to the Defendant of the commencement of a civil claim against him
and to summon him to answer or otherwise respond.

**Nature and purpose of the proceedings and, where appropriate, the amount in dispute:**
*Nature et objet de l'instance, le cas échéant, le montant du litige :*   A civil action has been commenced against the Defendant.

**Date and place for entering appearance\*\*:**
*Date et lieu de la comparution :*   Within twenty-one (21) days after service of the Summons (not counting the day of receipt), Defendant must
serve on the Plaintiff's Attorneys (Skadden, Arps, Slate, Meagher & Flom LLP) an Answer to the attached Complaint or a Motion under Rule
12 of the Federal Rules of Civil Procedure.  Defendant also must file his Answer or Motion with the United States District Court, District of
Massachusetts located at:  John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, U.S.A.

**Court which has given judgment\*\*:**
*Juridiction qui a rendu la décision :*   N/A

**Date of judgment\*\*:**
*Date de la décision :*   N/A

**Time limits stated in the document\*\*:**
*Indication des délais figurant dans l'acte :*   Within twenty-one (21) days after service of the Summons (not counting the day of receipt), Defendant
must serve on the Plaintiff's Attorneys (Skadden, Arps, Slate, Meagher & Flom LLP) an Answer to the attached Complaint or a Motion under
Rule 12 of the Federal Rules of Civil Procedure.  If Defendant fails to respond, Judgment by default will be entered against him for the relief
demanded in the Complaint.  Defendant also must file his Answer or Motion with the Court.

### EXTRAJUDICIAL DOCUMENT\*\*
*ACTE EXTRAJUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte :*   N/A

**Time limits stated in the document\*\*:**
*Indication des délais figurant dans l'acte :*   N/A

---

\*   If appropriate, identity and address of the person interested in the transmission of the document.
  *S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte.*
\*\*   Delete if inappropriate.
  *Rayer les mentions inutiles.*

\*U.S. Government Printing Office: 1990-262-211/15302

3

**NOTICE**
*(recommended by the Fourteenth Session of
Hague Conference of October, 1980)*

**identité et adresse du destinataire**
*identity and address of the addressee*

---

Xiaofei "Shawn" SHI, *an individual*
4-7-1103, Qing Shangyuan
Haidian District
Beijing
PEOPLE'S REPUBLIC OF CHINA

---

**TRÈS IMPORTANT**

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES "ELÉMENTS ESSENTIELS DE L'ACTE" VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE SOIT DANS VOTRE PAYS SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES :

Volunteer Lawyers Project of the Boston Bar Association
99 Chauncy Street, Suite 400
Boston, Massachusetts 02111
U.S.A.
Tel. 1.617.423.0648

**IMPORTANT**

THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE "SUMMARY OF THE DOCUMENT TO BE SERVED" WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD, HOWEVER, READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.

IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:

Volunteer Lawyers Project of the Boston Bar Association
99 Chauncy Street, Suite 400
Boston, Massachusetts 02111
U.S.A.
Tel. 1.617.423.0648



**LEGAL LANGUAGE SERVICES**

*A Division of ALS International, Inc.*
8014 State Line Road
Suite 110
Leawood, KS 66208

Telephone  (913) 341-3167
Toll Free    (800) 755-5775
Telefax      (913) 341-3168
www.legallanguage.com

**September 25, 2020**
2020 年 9 月 25 日

**To whom it may concern:**
致 有 关 人 士 ：

**This is to certify that the attached translation from English into Chinese is an accurate representation of the document received by this office.  This document is designated as:**
兹 证 明 ， 这 是 我 们 收 到 的 英 语 文 件 的 准 确 汉 语 译 本 。 此 文 件 是 ：

**Summons in a Civil Action**
民事诉讼传票

**Maria Victoria Portuguez, Manager of this company, certifies that I Ching Ng, who translated this document, is fluent in Chinese and standard North American English and qualified to translate. he/she attests to the following:**
Maria Victoria Portuguez 任 本 公 司 经 理 ， 兹 证 明 I Ching Ng 经 本 公 司 考 核 证 实 精 通 汉 语 和 北 美 标 准 英 语 ， 具 有 翻 译 资 格 。 以 下 是 他 / 她 的 证 词 ：

**"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document".**
" 据 我 所 知 ， 所 附 文 本 是 该 文 件 真 实 、 完 整 、 准 确 的 翻 译 文 本 。 "

_____
**Signature of Maria Victoria Portuguez**
Maria Victoria Portuguez 签 名

**Subscribed and sworn to before me this September 25, 2020.**
2020 年 9 月 25 日 当 我 面 签 署 并 宣 誓 。

_____
**Thomas R. McLean**
**Notary Public, State of Kansas**
**Qualified in Johnson County**
**Commission Expires July 31, 2022**

Thomas R. McLean
堪 萨 斯 州 公 证 员
于 约 翰 逊 郡 获 得 公 证 员 资 格
执 照 有 效 期 至 2022 年 07 月 31 日

**Sincerely,**
谨 此

**Victor J. Hertz**
**President/**总 裁

AO 440 (修订版 06/12) 民事诉讼传票

# 美国地方法院

## 麻萨诸塞州[MASSACHUSETTS]地区

EMC 公司[EMC CORPORATION] 等

*原告*

诉

民事诉讼编号：**1:20–CV–11494–IT**

史晓飞（"肖恩"）
[XIAOFEI SHAWN SHI]

*被告*

### 民事诉讼传票

致：*（被告的名字和地址）*    史晓飞（"肖恩"）[XIAOFEI SHAWN SHI]
中国北京市海淀区青上苑4-7-1103
4-7-1103, Qing Shangyuan
Haidian District Beijing, Beijing, China

你司已被起诉。

自向你司送达本传票之后21天之内（不算收到本传票当天）或者，如果你司是《联邦民事诉讼程序规则》第12（a）(2) 或 (3) 条所描述的美国机构或美国官员或雇员，则在 60 天之内 –你司必须根据《联邦民事诉讼程序规则》 的第12条(a)(2) 或 (3) 规则向原告送达所附起诉状的答辩状或动议。该答辩状或动议必须送达原告或原告的律师，其姓名及地址为：

詹姆斯·R·卡洛[James R. Carroll]
世达国际律师事务所[Skadden, Arps, Slate, Meagher & Flom LLP]
美国马塞诸塞州波士顿市博伊尔斯顿街500号，邮编02116
[500 Boylston Street, Boston, MA 02116
United States]

如果你司未能回复，将就起诉状中所请求的救济做出不利于你司的缺席审判。你司也必须向法院提交你司的答辩状或动议。

**罗伯特·M·法拉[ROBERT M. FARRELL]**
法院书记员

[签名] **希利·居里[Haley Currie]**
*书记员或副书记员的签名*

于 **2020-08-10 09:00:00:07.0** 发布，法院书记员 USDC DMA

美国地方法院
传票

**传票**

麻萨诸塞州
[MASSACHUSETTS]
地区

民事诉讼编号：**1:20-CV-11494-IT**

**送达证明**

*（除非《联邦民事诉讼程序规则》第4(1)条另有要求，否则不应向法院提交此部分）*

我于（*填写日期*）_____ 收到向（*填写当事人的姓名和职务，如有*）_____

_____送达的本传票。

☐　　我亲自于（*填写日期*）_____ 在（*填写地点*）_____

_____将本传票送达当事人；或者

☐　　我于（*填写日期*）_____将本传票留在当事人的居所或交予（*填写姓名*）_____

_____，　即与其居住常居住地的人，该人具有合适的年龄和辨别力；同时，

将本传票的副本寄至当事人的最后已知地址；或者

☐　　我于（*填写日期*）_____将本传票送达被（*填写组织机构的名称*）_____

_____依法指定代表接受送达诉讼文件的（*填写当事人的姓名*）

_____；或者

☐　　因（*填写原因*）_____，我已退回未经签署的传票；或者

☐　　其他（*请注明*）：_____

我的费用为差旅费_____美元，服务费_____美元，总计___美元。

我声明上述信息均属实，若有伪证，甘愿受罚。

日期：_____

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　*送达人的签名*

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　*印刷体姓名和职位*

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　*送达人的地址*

关于尝试送达等事项的其它信息：

# UNITED STATES DISTRICT COURT
for the
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **EMC CORPORATION, ET AL.** | |
| *Plaintiff* | Civil Action No.:  **1:20−CV−11494−IT** |
| v. | |
| **XIAOFEI SHAWN SHI** | |
| *Defendant* | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> Xiaofei Shawn Shi
> 4-7-1103, Qing Shangyuan
> Haidian District Beijing
> Beijing, China

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) —— or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) —— you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> James R. Carroll
> Skadden, Arps, Slate, Meagher & Flom LLP
> 500 Boylston Street
> Boston, MA 02116
> United States

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



**ROBERT M. FARRELL**

*CLERK OF COURT*

/s/ − **Haley Currie**

*Signature of Clerk or Deputy Clerk*

**ISSUED ON 2020−08−10 09:00:07.0**, Clerk USDC DMA

Civil Action No.: **1:20−CV−11494−IT**

### PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for (name of individual and title, if any) _____

was received by me on (date)_____.

☐ I personally served the summons on the individual at (place)_____

_____ on (date)_____ ; or

☐ I left the summons at the individual's residence or usual place of abode with (name)_____

_____ , a person of suitable age and discretion who resides there,

on (date) _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on (name of individual)_____ , who is

designated by law to accept service of process on behalf of (name of organization)_____

_____ on (date) _____; or

☐ I returned the summons unexecuted because_____ ; or

☐ Other (specify) :


My fees are $ _____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.


_____                    _____
          Date                                          *Server's Signature*

                                          _____
                                                  *Printed name and title*


                                          _____
                                                    *Server's Address*

Additional information regarding attempted service, etc:



**LEGAL LANGUAGE SERVICES**

*A Division of ALS International, Inc.*
8014 State Line Road
Suite 110
Leawood, KS 66208

Telephone  (913) 341-3167
Toll Free  (800) 755-5775
Telefax  (913) 341-3168
www.legallanguage.com

September 25, 2020
2020 年 9 月 25 日

To whom it may concern:
致有关人士：

This is to certify that the attached translation from English into Chinese is an accurate representation of the document received by this office.  This document is designated as:
兹证明，这是我们收到的英语文件的准确汉语译本。此文件是：

### Complaint
起诉状

Maria Victoria Portuguez, Manager of this company, certifies that I Ching Ng, who translated this document, is fluent in Chinese and standard North American English and qualified to translate. he/she attests to the following:
Maria Victoria Portuguez 任本公司经理，兹证明 I Ching Ng 经本公司考核证实精通汉语和北美标准英语，具有翻译资格。以下是他/她的证词：

"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document".
"据我所知，所附文本是该文件真实、完整、准确的翻译文本。"

Signature of Maria Victoria Portuguez
Maria Victoria Portuguez 签名

Subscribed and sworn to before me this September 25, 2020.
2020 年 9 月 25 日当我面签署并宣誓。

Thomas R. McLean
Notary Public, State of Kansas
Qualified in Johnson County
Commission Expires July 31, 2022

Thomas R. McLean
堪萨斯州公证员
于约翰逊郡获得公证员资格
执照有效期至 2022 年 07 月 31 日

Sincerely,
谨此

Victor J. Hertz
President/总裁

美国地方法院

麻萨诸塞州[MASSACHUSETTS]地区

-----------------------------------------------------------------  x

EMC 公司[EMC CORPORATION]、EMC 信     :
息系统国际[EMC INFORMATION SYSTEMS
INTERNATIONAL]及戴尔（中国）有限公司     :
[DELL (CHINA) COMPANY LIMITED],          民事诉讼编号：

             原告，     :        —————————

    诉                  :       **要求陪审团审判**

    史晓飞（"肖恩"）[XIAOFEI SHAWN SHI],     :

             被告。     :

-----------------------------------------------------------------  x

## 起诉状

原告 EMC 公司[EMC Corporation] (简称"戴尔 EMC""Dell EMC"[1])、EMC 信息

系统国际 [EMC Information Systems International] (简称"EISI")及戴尔（中国）有限公司 [Dell

(China) Company Limited] (简称"戴尔（中国）""Dell China"), 由并通过其签名的律师对史晓

飞（"肖恩"）[Xiaofei "Shawn" Shi] 提起诉讼，并据其自己和其行为方面的知识，或者关于以

下所有其他事项的所知和所信进行指控：

## 诉讼性质

1.      戴尔 EMC [Dell EMC]是戴尔公司[Dell Inc.]（及其附属公司，包括戴尔 EMC

[Dell EMC]、EISI 和戴尔（中国）[Dell China][2]、"戴尔"["Dell"]）的全资子公司。在 2013

年 12 月至 2020 年 7 月 9 日，被告史[Shi]受聘于戴尔[Dell]在北京[Beijing]担任服务经理。

---

[1] EMC 公司[EMC Corporation]和其某些附属公司销售品牌为"戴尔 EMC"["Dell EMC"]的产品。本诉状
使用 "戴尔 EMC" ["Dell EMC"]仅指 EMC 公司[EMC Corporation] 。

[2] 戴尔中国[Dell China]和 EISI 并非戴尔公司[Dell Inc.]的直属子公司。

2.　　其中，戴尔 EMC [Dell EMC]开发、制造和销售 企业存储阵列硬件和相关软件。这些阵列使企业可以存储由中央管理系统管理的多个物理硬盘或固态驱动器上的大量数据。

3.　　客户购买戴尔 EMC [Dell EMC]阵列时，不仅购买阵列本身和相关软件，还购买维护服务。当戴尔 EMC [Dell EMC]对阵列执行维护时，它使用称为 SymmWin 的戴尔 EMC [Dell EMC]机密和专有诊断工具。

4.　　SymmWin 包含了许多戴尔 EMC [Dell EMC]商业机密。例如，SymmWin 包含技术和工程信息，例如：(i) 组成 SymmWin 本身的代码；(ii) 信息汇编，解释各种代码和速记，用于指示需要维修的潜在问题；(iii) 诊断可能需要维修的潜在问题的流程和程序；以及 (iv) 诊断需要维修的潜在问题的方法（"SymmWin 商业秘密"）。

5.　　戴尔 EMC [Dell EMC]人员或其代理商使用经过专门授权和生成的凭据来访问 SymmWin。这些凭据允许 Dell EMC 访问特定阵列上的 SymmWin，并且仅在有限的时间内有效。

6.　　受雇不到一年，史[Shi]意识到与维护某些流行的较旧型号阵列有关的机会来为自己牟利。通过利用其工作，据所知和所信，史[Shi]获得了戴尔 EMC [Dell EMC]高度机密的技术信息的访问权限(其工作职责无权查看的信息) 以了解如何绕过需要合法凭证来访问 SymmWin。

凭借这些信息以及他对通过其客户服务职责获得的戴尔 EMC [Dell EMC]维护服务定价结构的知识，史[Shi]成立了*两个副业*，直接与戴尔 EMC [Dell EMC]竞争维护服务。

7.    史[Shi]首先创建了自己的公司—储存服务[Storage Services]和存储技术[StorTec]— 与戴尔 EMC [Dell EMC]竞争，以在戴尔 EMC [Dell EMC]阵列上提供第三方维护服务。为了让这些公司为戴尔 EMC [Dell EMC]*产品提供服务*，史[Shi]和他雇用的人员来协助他创建了一个软件程序，当该软件程序安装在阵列上时会绕过 SymmWin 的安全身份验证机制。这样，史[Shi]便可以不受限制地未经授权地访问 SymmWin（戴尔 EMC [Dell EMC]专有软件），为了谋取其个人利益。

8.    但是，史[Shi]的解决方法不仅是储存服务[Storage Services]和存储技术[StorTec]的服务业务的必要工具：它还成为史[Shi]的第二笔非法收入来源。从大约 2016 年开始，史[Shi]开始将其软件程序的副本出售给*其他*第三方。因此，史[Shi]创建了一个由第三方服务商组成的影子网络，他们全部使用他的软件来获得对 SymmWin 的未授权访问，并不公平地与戴尔 EMC [Dell EMC]争夺服务收入。

9.    直到 2020 年 3 月，戴尔[Dell]才开始知道史[Shi]的计划，直到一名阵列所有者通知戴尔[Dell]有史[Shi]的软件程序存在，该阵列所有者的服务提供商已将其用于维护。戴尔[Dell]立即开始对该程序进行调查。除其他事项外，调查显示，史[Shi]是该计划的幕后策划者。

10.    通过这次调查了解了史[Shi]的方案的基础知识，戴尔[Dell]安排了于 2020 年 7 月 9 日与史[Shi]举行会议。

11.    在收到预定会议的通知后，史[Shi]接下来花了三天的时间试图掩盖他的足迹。戴尔[Dell]IT 部门检测到，在 2020 年 7 月 6 日、7 日和 8 日，史[Shi]从其公司办法的笔记本电脑中删除了数千个文件，包括在标题中明确提及存储技术[StorTec]和史[Shi]的软件的文件，并将这些文件移至 USB 存储设备（即外部拇指驱动器和硬盘驱动器）。

12.    在同一时期，史[Shi]公然下载了存储在位于马萨诸塞州[Massachusetts]霍普金顿[Hopkinton]的戴尔 EMC [Dell EMC]安全服务器上的其他文件并潜逃。这些文件包含与*所有*戴尔 EMC [Dell EMC]存储设备有关的无数戴尔 EMC [Dell EMC]商业机密，并描述了提供维护的技术流程、设计和方法。史[Shi]窃取的大部分文件主要来自称为 SolVe 桌面[SolVe Desktop]的专有应用程序，并包含戴尔 EMC [Dell EMC]的商业机密。例如，史[Shi]窃取的文件包括文章、文件和其他项目，其描述与所有关于操作、维护和维修所有戴尔 EMC [Dell EMC]存储设备的科学、技术和工程设计、公式、代码、流程、程序、方法、技术和计划（"文件被盗的商业秘密"）。

13.    在 2020 年 7 月 9 日的会议上，史[Shi]拒绝承认自己的过失或提供任何保证，其将终止其非法生意。会议结束时，史[Shi]被戴尔[Dell]终止雇佣。

14.    如下文更全面描述的那样，戴尔 EMC [Dell EMC]、EISI 和戴尔（中国）[Dell China]由于史[Shi]违反法律而直接和直接结果而遭受了损害，并且由于该等侵权的直接和直接结果而将继续遭受不可弥补的损害，没有足够的法律补救措施。

4

### 当事方

15.　　原告戴尔 EMC [Dell EMC]是根据马萨诸塞[Massachusetts]州联邦法律正式组建并成立的公司，其主要营业地点位于马萨诸塞[Massachusetts]州的霍普金顿[Hopkinton]。戴尔 EMC [Dell EMC]是此处定义的 SymmWin 商业机密和被盗文件商业机密的所有者。

16.　　原告 EISI 是一家根据爱尔兰[Ireland]共和国法律组建和存在的公众无限公司，其主要营业地点在爱尔兰[Ireland]共和国。原告 EISI 是在美国[United States]境外与此诉讼相关的知识产权的唯一许可持有人。

17.　　原告戴尔中国[Dell China]是根据中华人民共和国法律组建和存在的有限责任公司，其主要营业地点在中华人民共和国。

18.　　据所知和所信，被告史[Shi]是中华人民共和国的公民和居民。直到 2020 年 7月 9 日，被告史[Shi]被戴尔[Dell]受雇于北京，担任现场服务经理 2。

### 管辖权和审判地

19.　　法院根据《美国法典》第 28 卷第 1331 条具有诉讼标的管辖权，因为这是根据《美国法典》第 18 卷第 1836(c)条和《美国法典》第 18 卷第 1030 条提起的民事诉讼。法院对根据马萨诸塞[Massachusetts]州联邦法律（根据《美国法典》第 28 卷第 1367(a)条）对提出的索赔具有补充管辖权，因为戴尔 EMC [Dell EMC]、EISI 和戴尔（中国）[Dell China]的州法索赔与法院原始管辖权内的索赔是如此相关，以致它们构成美国《宪法》第 3 条所述同一案件或争议的一部分。

20.    根据《麻萨诸塞州一般法律》第 223A 卷第 3(a)条 和第 3(d)条，因为如下所述，被告史[Shi]因通过其在联邦的交易、在联邦招揽生意、其未经授权访问了存储在联邦的商业秘密，并从联邦消费的商品和提供的服务中获得了可观的收入，透过在联邦以外地区发生的行为对联邦造成伤害，被告史[Shi]从而受制于对人管辖权。

21.    根据 《美国法典》第 28 卷第 1391(b)(3)条本地区作为审判地是合适的。

## 事实背景

22.    戴尔[Dell]为全球和各个主要行业的广泛客户（包括企业、政府、非营利组织和服务提供商）开发、交付和支持信息基础架构和虚拟基础架构技术、解决方案和服务。 该等客户包括公共部门和私营部门，规模从《财富》 500 强到小型企业和个人消费者。

23.    戴尔 EMC [Dell EMC]的核心产品包括硬件和软件存储设备、云计算以及基础架构管理产品、服务和解决方案。为此，戴尔 EMC [Dell EMC]开发、制造和销售企业存储阵列硬件和相关软件等，使企业可以将大量数据存储在由中央管理系统管理的多个物理硬盘或固态驱动器上 。

24.　　史[Shi]于 2013 年被戴尔 EMC [Dell EMC]的关联公司聘为服务经理。在任职期间，史[Shi]负责自己的工作，并监督一个为客户提供某些维修职能的团队，在这些客户购买戴尔 EMC [Dell EMC]存储产品后，例如在客户现场安装、配置和集成产品， 以及维护、故障排除和维修。史[Shi]以此身份可以访问戴尔 EMC [Dell EMC]的机密和专有信息，包括被盗文件的商业机密以及有关客户名单以及维护服务安排/定价的信息。2020 年 4 月，在 2016 年被 v 戴尔公司[Dell Inc.]收购 EMC 公司[EMC Corporation]之后，史[Shi]的工作被转移到戴尔中国[Dell China]。

25.　　史[Shi]与戴尔 EMC [Dell EMC]签署了重要员工协议（ "KEA"）。根据 KEA，史[Shi]负有以下义务：(i) 将其全职的时间和努力投放在其工作上，而且不与公司竞争；(ii) 保持机密，并防止披露公司的机密和专有业务信息，包括但不限于其商业秘密和其他知识产权；以及 (iii) 从公司离职后，退还所有包含机密和专有业务信息的文件和其他项目，包括但不限于描述、描述或包含商业秘密和其他知识产权的文件、程序或其他材料。史[Shi]还同意，他违反 KEA 协议将对戴尔 EMC [Dell EMC]造成无法弥补的伤害。 KEA 涵盖了属于或通过戴尔 EMC [Dell EMC]及其附属公司获得的机密和专有信息。当史[Shi]的工作转移到戴尔中国[Dell China]时，他在戴尔 EMC[Dell EMC]的 KEA 仍然存在。此外，他与戴尔中国[Dell China]的雇用协议包含保密规定，要求史[Shi]对属于戴尔[Dell]的任何商业信息保持机密，并且除履行其工作职责外不得出于任何其他目的的披露或使用该信息。

26.　　戴尔[Dell]为五十个州和几十个国家的客户提供产品和服务。为了支持其州际和国际商业运营，戴尔[Dell]维护州际和国际计算机网络，而史[Shi]在北京[Beijing]的笔记本电脑与该网络连接。特别要注意的是，戴尔 EMC[Dell EMC]将数据和文件存储在位于马萨诸塞[Massachusetts]州霍普金顿[Hopkinton]等地及其附近的服务器上。所有这些计算机和服务器都连接到互联网和戴尔[Dell]的网络，将它们直接相互连接。因此，通过他的公司发行颁发的笔记本电脑物理上位于北京，史[Shi]可以连接到并可以访问戴尔 EMC[Dell EMC]在霍普金顿[Hopkinton]的服务器，其存储戴尔 EMC[Dell EMC]文件和数据，包括被盗文件（定义如下）

27.　　客户购买戴尔 EMC[Dell EMC]存储阵列时，将同时购买：(i) 阵列的硬件和软件；以及 (ii) 维修服务。对于后者，尽管安排有所不同，但是在购买时，客户通常会与戴尔 EMC[Dell EMC]签订服务合同，为阵列提供一到三年的维护。初始合同到期后，戴尔 EMC[Dell EMC]还提供持续的维护服务。

28.　　为了执行维护，戴尔 EMC [Dell EMC]利用称为 SymmWin 的软件，该软件是戴尔 EMC[Dell EMC]通过投入时间、金钱和其他资源开发的专有程序。SymmWin 包含 SymmWin 商业机密，其中包括：(i) 构成 SymmWin 本身的代码和体系结构细节；(ii) 信息汇编，解释了各种代码和速记，用于指示需要维修的潜在问题；(iii) 诊断可能需要维修的潜在问题的流程和程序；以及 (iv)诊断需要维修的潜在问题的方法。

29.　　戴尔 EMC[Dell EMC]不会将 SymmWin 的访问权限授予其自己的员工和代理商以外的任何其他人员，这些员工和代理商都必须遵守合同保密条款，这是其雇用或与戴尔 EMC[Dell EMC]签订合同的一部分。此外，SymmWin 的源代码和内部体系结构详细信息让少数从事该程序的戴尔 [Dell]工程师存取，而且他们还作为其受聘一部分受制于合同保密义务。

30.　　此外，对 SymmWin 的访问由安全身份验证系统控制。要访问 SymmWin，授权的 Dell EMC 人员和代理必须输入一组有效的凭据。凭据是由戴尔 EMC[Dell EMC]使用用户需要访问的阵列的序列号生成的。因此，凭据只能在为其生成凭据的特定阵列上使用。 每组凭据在特定时间段内有效，通常为一到两天（外部限制为十天）。凭据过期后，戴尔 EMC[Dell EMC]必须生成带有新过期日期的新凭据，以便用户继续访问 SymmWin。

31.　　戴尔 EMC [Dell EMC]明确将 SymmWin 标记为机密和专有。在登录和身份验证过程的每个阶段，标语和其他消息都会以粗体字告知用户，SymmWin 的访问受到限制，并且 SymmWin 是机密和专有的戴尔 EMC[Dell EMC]程序：



SymmWin9 Ser#197002947 <JFB4 (EEM)>, 主要 MMCS-1, "3" 作为 ENG 登入 / 工程支援

文档 设定 工具 流程 IDE 监测 工具 选项 视窗 帮助
[图标]                                    197802947 5978.221.221 id=0 JFB4 (EEM) 主要 MMC

公告 备注和法律通知 脚本 脚本 经理 坏的 FRUs
**本程序包含维护协助，并且是 EMC Corporation 未公开的机密知识产权。它包括 EMC 在全球的没有限制的专有版权和商业秘密权。**

用户备注和脚本结果

32.     SymmWin 和 SymmWin 商业秘密对戴尔 EMC [Dell EMC]具有经济价值。

SymmWin 和 SymmWin 商业机密使戴尔 EMC [Dell EMC]可以为客户的存储阵列提供维护服务，以获取费用。

33.     史[Shi]利用他的工作来访问机密信息，包括 SymmWin 商业秘密，以学习如何在没有适当凭据的情况下设计对 SymmWin 的访问。这样做之后，在被戴尔[Dell]聘用之时并使用其戴尔[Dell]颁发的笔记本电脑和其他戴尔[Dell]用品的时候，史[Shi]随后创立了不止一家，而是两家公司，以牺牲戴尔 EMC [Dell EMC]为代价来为自己牟利。史[Shi]的业务直接取决于其秘密和未经授权使用属于戴尔 EMC[Dell EMC]的商业秘密以及其他机密和专有信息，并在该信息的支持下直接与戴尔 EMC [Dell EMC]竞争。

34.     史[Shi]的第一笔业务是为已终止其初始服务合同的阵列所有者提供维护服务。通过在中国[China]成立的两个实体存储技术[StorTec]和存储服务[Storage Services]，史[Shi]与戴尔 EMC [Dell EMC]直接竞争，向中国客户提供未经授权的第三方维护。史[Shi]通过利用他创建或导致创建的软件（包括盗用的 SymmWin 商业秘密以及其他机密和专有信息）

来绕过 SymmWin 的身份验证机制，从而实现了这一目的。

35.　　史[Shi]及其公司还开始将史[Shi]的非法访问软件的访问权限出售给全球其他第三方服务商。史[Shi]的常客之一是位于弗雷明汉[Framingham]的全球部件公司[GloboParts, Inc]及其负责人埃里克·胡基[Eric Hukki]。史[Shi]至少从 2017 年起就与联邦的胡基[Hukki]联系，并且似乎已将其软件的许多副本出售给全球部件[GloboParts]和/或胡基[Hukki]。据所知和所信，全球部件[GloboParts]和/或胡基[Hukki]已使用此软件来服务位于联邦的戴尔 EMC [Dell EMC]阵列。

36.　　除其他外，由于 KEA 和戴尔 EMC [Dell EMC]为保护 SymmWin 商业秘密而采取的各种措施，史[Shi]已知道或有理由知道其访问和使用 SymmWin 商业秘密以开发其软件并与戴尔 EMC [Dell EMC]竞争，已超出他获得 SymmWin 商业秘密的授权访问范围。

37.　　戴尔 EMC [Dell EMC]失去了维护服务收入，这是史[Shi]采取不正当竞争和销售其软件的行为的直接结果，因此其他人可能不公平地竞争维护服务。根据通过调查相信史[Shi]曾使用过其或出售给第三方的软件副本数量（以及受影响的阵列数量），戴尔 EMC [Dell EMC]·估计其损失的服务收入为数百万美元。

38.　　2020 年 3 月左右，当欧洲一个阵列的所有者就与史[Shi]的软件有关的维护问题寻求帮助时，戴尔[Dell]开始发现史[Shi]的不忠实和非法的副业。

39.　　戴尔[Dell]进行了一项调查，最终导致收集了史[Shi]的大量罪证。 戴尔[Dell]计划在 2020 年 7 月与史[Shi]举行会议，以收集到的证据与史[Shi]对质。

40.　　在接到预定会议的通知后，史[Shi]可能意识到自己的非法活动已经被发现，因此立即开始尝试抹除他的不法行为的证据。在接下来的三天内，史[Shi]从其公司颁发的笔记本电脑中删除了有关其不当行为的数千个文件。这些文件包括明确提及存储技术[StorTec]及其软件名称的文档和文件夹。在从公司颁发的计算机中删除文件时，他将文件复制到了外部存储设备。

41.　　在快速删除期间，史[Shi]还访问了戴尔[Dell]服务器，下载并复制了数百份专有和机密文档，并将其复制到公司的笔记本电脑上，然后复制至多个外部媒体设备（"被盗文件"）。大多数被盗文件存储在马萨诸塞[Massachusetts]州霍普金顿[Hopkinton]的戴尔 EMC [Dell EMC]服务器上。要下载它们，史[Shi]必须通过互联网连接访问这些马萨诸塞[Massachusetts]州的服务器，这些网络将戴尔[Dell]在中国的计算机（包括史[Shi]的笔记本电脑）与霍普金顿[Hopkinton]的服务器连接在一起，这些服务器用于州际和国外贸易，包括但不限于以下所述的方式。

42.　　尤其是，史[Shi]从一个名为 SolVe 桌面[SolVe Desktop]（SolVe）的戴尔 EMC [Dell EMC]数据库访问、下载和复制了数百个文件。SolVe 安放戴尔[Dell]现场服务工程师用来对客户存储设备进行维护的专有和机密信息。SolVe 包含有关所有戴尔 EMC [Dell EMC]高端存储产品的信息，包括但不限于史[Shi]在其计划中针对的戴尔 EMC [Dell EMC]阵列的型号。

SolVe 还包含来自 戴尔 EMC [Dell EMC]及其代理商的一些信息，这些信息与他们在全球的戴尔 EMC [Dell EMC]阵列上执行的维修活动有关。

43.      具体而言，SolVe 包含视频和其他基于内部知识的文章以及与戴尔 [Dell]存储产品相关的其他材料，包括冗长的"白皮书"，其详细描述了服务产品所需的信息。SolVe 上的"白皮书"和其他信息包含戴尔 EMC [Dell EMC]通过多年的经验以及对技术知识、科学、技术和工程设计、公式、流程、程序、方法、技术的进一步开发 的机密和专有信息，其与戴尔 EMC [Dell EMC]存储设备的操作、维护和维修有关的代码—即被盗文件商业机密。戴尔 EMC [Dell EMC]是被盗文件商业机密的所有者，在被戴尔公司[Dell Inc.]收购之前，已经开发了其中的大多数机密。

44.      由于其内容是机密、专有和具有竞争力的，因此公众无法访问 SolVe。因此，当用户登录到 SolVe 时，就像使用 SymmWin 一样，标语和其他消息会以粗体字告知用户该访问 SolVe 受到限制，并且 SolVe 是机密且专有的程序。

45.      对 SolVe 的访问仅限于三个越来越广泛的访问层级中的某些个人：客户、合作伙伴和员工。客户和合作伙伴的访问要求客户或合作伙伴同意保密条款。关于员工访问，只有某些戴尔 EMC [Dell EMC]员工有权访问 SolVe。戴尔 EMC [Dell EMC]不会向所有员工授予 SolVe 访问权限。仅将访问权限授予可能需要在工作职责中引用 SolVe 的那些员工。甚至具有 SolVe 访问权限的员工也没有不受限制的访问权限：他们必须在需要时请求访问权限，并且访问权限被授予 14 天。

在这 14 天之后，需要重新认证（包括使用戴尔[Dell]生成的新凭据）。

46.　　戴尔 EMC [Dell EMC]从 SolVe 中获得了巨大的经济利益。访问 SolVe 的客户级别是产品购买价格的一部分，访问 SolVe 的合作伙伴级别是通过许可费用，并且戴尔 EMC [Dell EMC]利用 SolVe 向戴尔 EMC [Dell EMC]存储产品的所有者出售维护服务。因此，被盗文件对史[Shi]来说也很有价值，他现在可以使用它们与戴尔[Dell]竞争，以通过存储技术 [StorTec]和存储服务[Storage Services]提供维护服务。

47.　　戴尔 EMC [Dell EMC]花费了很多年和大量金额来创建 SolVe，开发此处描述的维护解决方案并完善这些维护解决方案。

48.　　史[Shi]已知道或有理由知道他对被盗文件的访问、下载和复制超出了其授权访问的范围。在其任职期间，应要求（参见¶45），史[Shi]可以获得访问 SolVe 的权限。但是，史[Shi]对 SolVe（和其他戴尔 EMC [Dell EMC]专有材料）的访问不是无限制的。正如史[Shi]所知道的那样，史[Shi]只能在需要时才能访问 SolVe 材料，以符合合法的业务目的。在任何情况下，都不允许史[Shi]访问、下载或复制 SolVe 文件（绝不得多于数百个文件）供其个人使用或与戴尔 EMC [Dell EMC]竞争的（非法）副业使用。换句话说，不管为履行其*对戴尔[Dell]*的责任而授予他以员工身份访问 SolVe 的事实，史[Shi]无权出于*不利/于戴尔[Dell]*的目的访问 SolVe，包括通过盗用其机密信息和专有信息与戴尔 EMC [Dell EMC]竞争。

49.　史[Shi]入侵戴尔 EMC [Dell EMC]的霍普金顿[Hopkinton]服务器以从 SolVe 访问和下载被盗文件，这对戴尔 EMC [Dell EMC]造成了损害。这些文件本身不仅具有独立的经济价值，而且被戴尔 EMC [Dell EMC]用于为客户提供维护服务，而且戴尔[Dell]被迫雇用法务调查人员来评估史[Shi]的入侵范围。这项聘用的金额超过 5,000 美元。

### <u>罪状一</u>
### (违反《捍卫商业秘密法》，《美国法典》第 18 卷第 1836 条)

50.　戴尔 EMC [Dell EMC]和 EISI 重申并引用了以上段落中包含的所有指控，正如在此完整阐述一样。

51.　戴尔 EMC [Dell EMC]是被盗文件的所有者，被盗文件是并且包含重要的机密商业信息，包括但不限于被盗文件商业秘密。EISI 是在美国以外与被盗档案相关的商业秘密的唯一被许可方。

52.　被盗文件商业机密构成有效且可执行的商业机密。

53.　被盗文件商业机密是机密、专有、并且具备经济价值。被盗文件商业机密通常为不为人所知或易于确定。戴尔 EMC [Dell EMC]采取了合理的预防措施，以维护被盗文件商业秘密的机密性，包括关键雇佣协议中的保密条款以及与员工的单独保密协议、使用访问被盗文件所需的安全凭据，以及仅限制给某些员工和授权的第三方（该等第三方受保密协议的约束）访问被盗文件。

54.　史[Shi]以不正当手段获得了被盗文件商业机密。具体来说，史[Shi]超出了他的受权访问范围（由于受雇而授予了他的访问权限），以非法下载和移除被盗文件，而不是为了履行其工作职责的目的。史[Shi]已知道或有理由知道，他通过不正当手段获得了"被盗文件商业秘密"。

55.　据所知和所信，史[Shi]还使用或将使用"被盗文件"从事其非法业务。

56.　由于史[Shi]违反法律的直接和直接结果戴尔 EMC [Dell EMC]和 EISI 遭受了损害，其赔偿金额将在审判中被证明，由于在法律上没有适当的补救措施，因为该等违反法律的直接和直接结果将继续遭受不可弥补的伤害。

### 罪状二
**(违反《捍卫商业秘密法》，《美国法典》第 18 卷第 1836 条)**

57.　戴尔 EMC [Dell EMC]和 EISI 重申并引用了以上段落中包含的所有指控，正如在此完整阐述一样。

58.　戴尔 EMC [Dell EMC]是 SymmWin 商业机密的所有者，后者构成有效且可强制执行的商业机密。EISI 是 SymmWin 商业秘密在美国以外的独家许可持有人。

59.　SymmWin 商业机密是机密、专有、并且具备经济价值。SymmWin 商业机密通常为不为人所知或易于确定。戴尔 EMC [Dell EMC]采取了合理的预防措施，以维护 SymmWin 商业机密的机密性，包括关键雇佣协议中的保密条款以及与员工的单独保密协议、使用访问 SymmWin 商业机密所需的安全凭据，以及仅限制给某些员工访问 SymmWin 商业机密。

60.    史[Shi]以不正当手段获得了 SymmWin 商业秘密。具体来说，史[Shi]超出了他的受权访问范围（由于受雇而授予了他的访问权限），以非法访问、查看和复制 SymmWin 商业机密，而不是为了履行其工作职责的目的。

61.    史[Shi]还通过创建、使用和/或销售其非法软件来不当使用 SymmWin 商业秘密。史[Shi]已知道或有理由知道他以不正当手段获得了 SymmWin 商业秘密。即使史[Shi]通过适当的手段获得了 SymmWin 商业秘密（而他没有），根据 KEA，史[Shi]还是有义务避免将戴尔 EMC [Dell EMC]的商业秘密用于执行其职务以外的任何目的。

62.    由于史[Shi]违反法律的直接和直接结果戴尔 EMC [Dell EMC]和 EISI 遭受了损害，其赔偿金额将在审判中被证明，由于在法律上没有适当的补救措施，因为该等违反法律的直接和直接结果将继续遭受不可弥补的伤害。

### 罪状三
### (违反《马萨诸塞[Massachusetts]州统一商业秘密法》，
### 《麻萨诸塞州一般法律》第 93 卷第 42 条)

63.    戴尔 EMC [Dell EMC]和 EISI 重申并引用了以上段落中包含的所有指控，正如在此完整阐述一样。

64.    戴尔 EMC [Dell EMC]是被盗文件的所有者，被盗文件是并且包含重要的机密商业信息，包括但不限于被盗文件商业秘密。

EISI 是在美国以外与被盗档案包含的相关商业秘密的唯一被许可方。

65.　　被盗文件商业机密构成有效且可执行的商业机密。

66.　　被盗文件商业秘密是机密、专有、并且具备经济价值。被盗文件商业秘密通常为不为人所知或易于确定。戴尔 EMC [Dell EMC]采取了合理的预防措施，以维护被盗文件的商业秘密的机密性，包括关键雇佣协议中的保密条款以及与员工的单独保密协议、使用访问被盗文件商业秘密所需的安全凭据，以及仅限制给某些员工和获授权的第三方（受保密协议约束的第三方）访问被盗文件商业秘密。

67.　　史[Shi]以不正当手段获得了被盗文件商业机密。具体来说，史[Shi]超出了他的受权访问范围（由于受雇而授予了他的访问权限），以非法下载和移除被盗文件，而不是为了履行其工作职责的目的。史[Shi]已知道或有理由知道，他通过不正当手段获得了"被盗文件商业秘密"。

68.　　据所知和所信，史[Shi]还使用了或将使用"被盗文件"从事其非法业务。

69.　　由于史[Shi]违反法律的直接和直接结果戴尔 EMC [Dell EMC]和 EISI 遭受了损害，其赔偿金额将在审判中被证明，由于在法律上没有适当的补救措施，因为该等违反法律的直接和直接结果将继续遭受不可弥补的伤害。

### 罪状四
**(违反《马萨诸塞[Massachusetts]州统一商业秘密法》，**
**《麻萨诸塞州一般法律》第 93 卷第 42 条)**

70.    戴尔 EMC [Dell EMC]和 EISI 重申并引用了以上段落中包含的所有指控，正如在此完整阐述一样。

71.    戴尔 EMC [Dell EMC]是 SymmWin 商业机密的所有者，后者构成有效且可强制执行的商业机密。EISI 是 SymmWin 商业秘密在美国以外的独家许可持有人。

72.    SymmWin 商业机密是机密、专有、并且具备经济价值。SymmWin 商业机密通常为不为人所知或易于确定。戴尔 EMC [Dell EMC]采取了合理的预防措施，以维护 SymmWin 商业机密的机密性，包括关键雇佣协议中的保密条款以及与员工的单独保密协议、使用访问被盗文件所需的安全凭据，以及仅限制给某些员工访问 SymmWin 商业机密。

73.    史[Shi]以不正当手段获得了 SymmWin 商业机密。具体来说，史[Shi]超出了他的受权访问范围（由于受雇而授予了他的访问权限），以非法存取、查看和复制 SymmWin 商业机密，而不是为了履行其工作职责的目的。

74.    史[Shi]还通过创建、使用和/或销售其非法软件来不当使用 SymmWin 商业秘密。史[Shi]已知道或有理由知道他以不正当手段获得了 SymmWin 商业秘密。即使史[Shi]通过适当的手段获得了 SymmWin 商业秘密（而他没有），根据 KEA，史[Shi]还是有义务避免将戴尔 EMC [Dell EMC]的商业秘密用于执行其职务以外的任何目的。

75.     由于史[Shi]违反法律的直接和直接结果戴尔 EMC [Dell EMC]和 EISI 遭受了损害，其赔偿金额将在审判中被证明，由于在法律上没有适当的补救措施，因为该等违反法律的直接和直接结果将继续遭受不可弥补的伤害。

## 罪状五
### (盗用机密商业信息)

76.     戴尔 EMC [Dell EMC]和 EISI 重申并引用了以上段落中包含的所有指控，正如在此完整阐述一样。

77.     戴尔 EMC [Dell EMC]的业务依赖于机密和专有的业务信息，包括但不限于 SymmWin 商业机密和被盗文件商业机密。EISI 是与被盗文件和 SymmWin 商业秘密相关并包含在其中的商业秘密的唯一许可持有人。即使不构成商业秘密，被盗文件商业秘密和 SymmWin 商业秘密也是机密和专有的商业信息。

78.     被盗文件商业机密和 SymmWin 商业机密是机密、专有，并且具备经济价值。它们通常是未知的或不容易确定的。戴尔 EMC [Dell EMC]采取了合理的预防措施来维护其机密性，包括关键雇佣协议中的保密规定以及与员工的单独保密协议、使用受密码保护的安全网络和数据库、使用戴尔 EMC [Dell EMC]生成的安全凭证来访问被盗文件和 SymmWin 商业机密，以及与任何向其披露任何机密商业信息的第三方的保密协议。

79.     史[Shi]通过不当手段获得了被盗文件和 SymmWin 商业机密。具体来说，史[Shi]超出了他的受雇访问权限的范围（由于受雇而授予他的权限），以非法访问、查看和复制被盗文件和 SymmWin 商业机密，而并非为了履行其工作职责的目的。

80. 史[Shi]还通过创建、使用和/或销售其非法软件来不当使用 SymmWin 商业秘密。史[Shi]已知道或有理由知道他以不正当手段获得了 SymmWin 商业秘密。即使史[Shi]通过适当的手段获得了 SymmWin 商业秘密（而他没有），根据 KEA，史[Shi]还是有义务避免将戴尔 EMC [Dell EMC]的商业秘密用于执行其职务以外的任何目的。

81. 据所知和所信，史[Shi]还使用或将使用"被盗文件"从事其非法业务。

82. 由于史[Shi]违反法律的直接和直接结果戴尔 EMC [Dell EMC]和 EISI 遭受了损害，其赔偿金额将在审判中被证明，由于在法律上没有适当的补救措施，因为该等违反法律的直接和直接结果将继续遭受不可弥补的伤害。

### 罪状六
#### (Conversion)

83. 戴尔 EMC [Dell EMC]重申并引用了以上段落中包含的所有指控，正如在此完整阐述一样。

84. 戴尔 EMC [Dell EMC]拥有被盗文件。史[Shi] 终止工作后，未经戴尔 EMC [Dell EMC]的同意，无权对被盗文件或 SymmWin 商业秘密行使管辖权或控制权。同样，在未经戴尔 EMC [Dell EMC]同意的情况下，史[Shi]亦无权以剥夺戴尔 EMC [Dell EMC]对被盗文件的所有权的方式使用被盗文件或 SymmWin 商业秘密。即使在受雇期间，史[Shi]也无权对被盗文件或 SymmWin 商业秘密行使管辖权或控制权－他对被盗文件和 SymmWin 商业秘密的访问超出了他被授权的访问。

同样，即使在受雇期间，史[Shi]亦无权以剥夺戴尔 EMC [Dell EMC]对被盗文件和 SymmWin 商业机密的所有权的方式使用被盗文件或 SymmWin 商业秘密。

85.　　通过他的行动，史[Shi]剥夺了戴尔 EMC [Dell EMC]对被盗文件和 SymmWin 商业秘密的实际和有益所有权。

86.　　由于史[Shi]违反法律的直接和直接结果戴尔 EMC [Dell EMC]遭受了损害，对此在法律上没有适当的补救措施，而且由于该等违反法律的直接和直接结果将继续遭受不可弥补的伤害。

### 罪状七
### (违反计算机欺诈和滥用法，《美国法典》第 18 卷第 1030 条)

87.　　戴尔 EMC [Dell EMC]重申并引用了以上段落中包含的所有指控，正如在此完整阐述一样。

88.　　戴尔 EMC [Dell EMC]的计算机、服务器和网络（包括但不限于其在马萨诸塞[Massachusetts]州霍普金顿[Hopkinton]的服务器）是受保护的计算机。戴尔 EMC [Dell EMC]的计算机、服务器和网络用于并影响州际和国外的商务和通信。

89.　　为履行其工作职责，史[Shi]以适当的业务目的要求凭据后获得授权以访问某些被盗文件。但是，史[Shi]出于个人使用、其公司用途或任何其他第三方的目的，故意访问、下载和复制被盗文件，以扩大他或他们的利益，从而超出了他的授权。史[Shi]出于不利戴尔 EMC [Dell EMC]利益的目的而访问、下载和复制"被盗文件"，故意超出了他的授权。

90.　　通过超出其权限的访问，史[Shi]从戴尔 EMC [Dell EMC]的受保护计算机获取了数据。史[Shi]故意从戴尔 EMC [Dell EMC]下载、复制和移除了数百个被盗文件。

91.　　戴尔 EMC [Dell EMC]遭受的损失超过 5,000 美元。除了其他方面，据所知和所信，史[Shi]还与其非法业务相关使用了或将使用被盗文件。

92.　　由于史[Shi]违反法律的直接和直接结果戴尔 EMC [Dell EMC]遭受了损害，对此在法律上没有适当的补救措施，而且将继续遭受不可弥补的伤害。

<u>罪状八</u>
**(违反计算机欺诈和滥用法，《美国法典》第 18 卷第 1030 条)**

93.　　戴尔 EMC [Dell EMC]重申并引用了以上段落中包含的所有指控，正如在此完整阐述一样。

94.　　戴尔 EMC [Dell EMC]的计算机、服务器和网络（包括但不限于其在马萨诸塞[Massachusetts]州霍普金顿[Hopkinton]的服务器）是受保护的计算机。戴尔 EMC [Dell EMC]的计算机、服务器和网络用于并影响州际和国外的商务和通信。

95.　　为履行其职责，史[Shi]被授权访问某些与 SymmWin 商业秘密有关的机密和专有的戴尔 EMC [Dell EMC]信息。史[Shi]通过获取 SymmWin 商业机密并使用它们创建自己的非法软件，超出了他的授权访问权，这些行为均不利于戴尔 EMC [Dell EMC]的利益。

96.    通过未经授权的访问和/或超出权限的访问，史[Shi]从戴尔 EMC [Dell EMC]的受保护计算机获取了数据。史[Shi]查看并使用了 SymmWin 商业机密或其中的一些机密，将其整合到他的非法软件中。

97.    戴尔 EMC [Dell EMC]遭受的损失超过 5,000 美元。

98.    由于史[Shi]违反法律的直接和直接结果戴尔 EMC [Dell EMC]遭受了损害，由于在法律上没有适当的补救措施，因为该等违反法律的直接和直接结果将继续遭受不可弥补的伤害。

<h2 style="text-align:center">罪状九<br/>(违反合同)</h2>

99.    戴尔 EMC [Dell EMC] 和戴尔中国[Dell China]重申并引用了以上段落中包含的所有指控，正如在此完整阐述一样。

100.   KEA 是戴尔 EMC [Dell EMC]和史[Shi]之间的有效且具有约束力的合同协议。

101.   制定了 KEA 是出于有效考虑。根据 KEA 和他的其他雇用条款，史[Shi]在其任职期间获得了相当于数万美元的补偿金，并获得了存取戴尔 EMC [Dell EMC]机密信息的权限。

102.   戴尔 EMC [Dell EMC]完全履行了 KEA 规定的义务。

103.   史[Shi]在以下情况下未能全职投入于戴尔 EMC [Dell EMC]，从而违反了 KEA：(i) 将他的时间和精力用于创建存储技术[StorTec]、存储服务[Storage Services]和他的非法软件；(ii)花费时间和精力通过存储技术[StorTec]、存储服务[Storage Services]以及单独进行业务；以及(iii) 将时间和精力用于将其非法软件出售给第三方。

104.    史[Shi]还通过在市场上分别和/或通过存储技术[StorTec]和/或存储服务[Storage Services]与戴尔 EMC [Dell EMC]竞争维护服务，包括但不限于使用和销售其非法软件，从而违反了 KEA。

105.    由于史[Shi]违反了 KEA 的直接和直接结果，戴尔 EMC [Dell EMC]遭受了损失，该金额将在审判中证明。

106.    正如史[Shi]在 KEA 中所承认的那样，由于史[Shi]违反法律和合同，对此在法律上没有适当的补救措施，因此戴尔 EMC [Dell EMC]遭受了并将继续遭受不可弥补的伤害。

### 罪状十
#### (违反合同)

107.    戴尔 EMC [Dell EMC] 和戴尔中国[Dell China]重申并引用了以上段落中包含的所有指控，正如在此完整阐述一样。

108.    KEA 是戴尔 EMC [Dell EMC]和史[Shi]之间的有效且具有约束力的合同协议。

109.    制定了 KEA 是出于有效考虑。根据 KEA 和他的其他雇用条款，史[Shi]在其任职期间获得了相当于数万美元的补偿金，并获得了存取戴尔 EMC [Dell EMC]机密信息的权限。

110.    戴尔 EMC [Dell EMC]完全履行了 KEA 规定的义务。

111.    史[Shi]通过利用 Dell EMC 的机密信息谋求个人利益和其副业的利益（包括但不限于被盗文件商业机密和 SymmWin 商业机密），违反了 KEA。

112.    由于史[Shi]违反了 KEA 的直接和直接结果，戴尔 EMC [Dell EMC]遭受了损失，该金额将在审判中证明。

113.    正如史[Shi]在 KEA 中所承认的那样，由于史[Shi]违反法律和合同，对此在法律上没有适当的补救措施，因此戴尔 EMC [Dell EMC]遭受了并将继续遭受不可弥补的伤害。

**罪状十一**
**(违反合同)**

114.    戴尔 EMC [Dell EMC] 和戴尔中国[Dell China]重申并引用了以上段落中包含的所有指控，正如在此完整阐述一样。

115.    KEA 是戴尔 EMC [Dell EMC]和史[Shi]之间的有效且具有约束力的合同协议。

116.    制定了 KEA 是出于有效考虑。根据 KEA 和他的其他雇用条款，史[Shi]在其任职期间获得了相当于数万美元的补偿金，并获得了存取戴尔 EMC [Dell EMC]机密信息的权限。

117.    戴尔 EMC [Dell EMC]完全履行了 KEA 规定的义务。

118.    史[Shi]违反了 KEA，因为在终止雇用后未能归还所有戴尔 EMC [Dell EMC]的机密和专有信息、材料、文件和财产，包括但不限于被盗文件。

119.    由于史[Shi]违反了 KEA 的直接和直接结果，戴尔 EMC [Dell EMC]遭受了损失，该金额将在审判中证明。

120.    正如史[Shi]在 KEA 中所承认的那样，由于史[Shi]违反法律和合同，对此在法律上没有适当的补救措施，因此戴尔 EMC [Dell EMC]遭受了并将继续遭受不可弥补的伤害。

## 罪状十二
### (违反忠实义务)

121.　戴尔 EMC [Dell EMC] 和戴尔中国[Dell China]重申并引用了以上段落中包含的所有指控，正如在此完整阐述一样。

122.　在戴尔 EMC[Dell EMC]和后来的戴尔中国[Dell China]，史[Shi]占据了被信任和信赖的位置。史[Shi]是一名经理，根据其职务可访问大量机密信息，包括深入的客户信息和某些机密商业知识产权。

123.　因此，史[Shi]欠戴尔 EMC [Dell EMC] 和戴尔中国[Dell China]忠实的义务。

124.　为了促进自己的利益（不利于戴尔 EMC [Dell EMC] 和戴尔中国[Dell China]的利益），史[Shi]违反了忠实义务：(i) 将他的时间和精力用于创建存储技术[StorTec]、存储服务[Storage Services]和他的非法软件；(ii) 使用了戴尔 EMC [Dell EMC]的资源、商业秘密、其他知识产权和机密商业信息来创建其非法软件；(iii) 与戴尔 EMC [Dell EMC]竞争维护业务；(iv) 从戴尔 EMC [Dell EMC]窃取了包含商业秘密的文件。

125.　戴尔 EMC [Dell EMC]和戴尔中国[Dell China]因史[Shi]违反职责而直接和直接结果遭受了损害，并且由于此类侵犯行为直接或直接结果造成的后果将继续遭受不可弥补的损害，而法律对此没有适当的补救措施。

## 法律救济请求

因此，原告戴尔 EMC [Dell EMC]、EISI 和戴尔中国[Dell China]谨此请求法院对此案作出有利其裁决针对于史，并给予戴尔 EMC [Dell EMC]、EISI 和戴尔中国[Dell China]以下救济：

(a)　在可以确定的范围内并经审判确定数额的金钱损失，但决不少于 $ 75,000；

(b)　归还和/或追缴不正当收益；

(c)     在法律允许的范围内给予惩罚性赔偿；

(d)     在合同或法律允许的范围内起诉索赔的合理费用和律师费；

(e)     判决前和判决后的利息；

(f)     初步和/或永久的公平救济，包括但不限于，禁止史继续进行上述非法行为的初步和永久禁令；以及

(g)     本法院认为合理和适当的其他救济。

## 要求陪审团审判

原告戴尔 EMC [Dell EMC]、EISI 和戴尔中国[Dell China]要求对所有可进行陪审团审判的索赔进行陪审团审判。

日期：2020 年 8 月 7 日                          恭敬递交，
　　　塞诸塞州波士顿市
　　　[Boston, Massachusetts]

/签名/ 詹姆斯·R·卡洛 [James R Carroll]

詹姆斯·R·卡洛[James R. Carroll] (BBO #554426)
马利·安·布鲁姆[Marley Ann Brumme] (BBO # 687822)
世达国际律师事务所[SKADDEN, ARPS, SLATE,
　　　MEAGHER & FLOM LLP
美国马塞诸塞州波士顿市博伊尔斯顿街 500 号，
邮编 02116
[500 Boylston Street, Boston, Massachusetts 02116]
(617)573-4800
james.carroll@skadden.com
marley.brumme@skadden.com

P·安东尼·萨米[P. Anthony Sammi]
世达国际律师事务所[SKADDEN, ARPS, SLATE,
　　　MEAGHER & FLOM LLP
美国纽约州纽约市曼哈顿西 1 号，邮编 10001
[One Manhattan West, New York, New York 10001]
(212) 735-3000
anthony.sammi@skadden.com

*原告律师*
*EMC 公司[EMC Corporation]、EMC 信息系统国际*
*[EMC Information Systems International] 及戴尔（中国）*
*有限公司 [Dell (China) Company Limited]*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EMC CORPORATION, EMC
INFORMATION SYSTEMS                :
INTERNATIONAL, and DELL (CHINA)
COMPANY LIMITED,                   :

                  Plaintiffs,    :    Civil Action
                                 No. _____

         v.                  :
                                **JURY TRIAL DEMANDED**

XIAOFEI SHAWN SHI,                 :

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT

Plaintiffs EMC Corporation ("Dell EMC"[1]), EMC Information Systems

International ("EISI"), and Dell (China) Company Limited ("Dell China"), by and

through their undersigned counsel, bring this action against Xiaofei "Shawn" Shi and

allege upon knowledge with respect to themselves and their own acts and otherwise upon

information and belief with respect to all other matters as follows:

## NATURE OF THE ACTION

1.     Dell EMC is a wholly-owned subsidiary of Dell Inc. (together with its

affiliates, including Dell EMC, EISI, and Dell China[2], "Dell").  Between December 2013

and July 9, 2020, Defendant Shi was employed by Dell in Beijing as a service manager.

---

[1] EMC Corporation and certain of its affiliates sell products branded as "Dell EMC."
This Complaint uses "Dell EMC" to refer solely to EMC Corporation.

[2] Dell China and EISI are indirect subsidiaries of Dell Inc.

2.      Among other things, Dell EMC develops, manufactures, and sells enterprise storage array hardware and associated software.  These arrays allow businesses to store large amounts of data on multiple physical hard-disk or solid-state drives managed by a central management system.

3.      When a customer purchases a Dell EMC array, it purchases not only the array itself and the associated software, but also maintenance services.  When Dell EMC performs maintenance on an array, it utilizes a Dell EMC confidential and proprietary diagnostic tool known as SymmWin.

4.      SymmWin incorporates numerous Dell EMC trade secrets.  For example, SymmWin incorporates technical and engineering information such as:  (i) the code constituting SymmWin itself; (ii) compilations of information explaining the various codes and shorthand used to indicate potential problems necessitating servicing; (iii) processes and procedures for diagnosing potential problems necessitating servicing; and (iv) methodologies for diagnosing potential problems necessitating service (the "SymmWin Trade Secrets").

5.      Dell EMC personnel or their agents use specifically-authorized and generated credentials to access SymmWin.  Those credentials permit Dell EMC to access SymmWin on a particular array and are valid only for a limited (short) amount of time.

6.      Barely a year into his employment, Shi sensed an opportunity to enrich himself in connection with the maintenance of certain popular older models of arrays. Exploiting his employment, on information and belief, Shi gained access to Dell EMC's highly confidential technical information — information that he was not authorized to view for his job responsibilities — to learn how to bypass the need for legitimate

2

credentials to access SymmWin. Armed with this information and his knowledge of Dell EMC's pricing structures for maintenance services gained through his customer service duties, Shi developed *two* side businesses to directly compete with Dell EMC for maintenance services.

7. Shi first created his own companies — Storage Services and StorTec — that compete with Dell EMC to offer third-party maintenance services on Dell EMC arrays. To allow these companies to service Dell EMC products, Shi and those he hired to assist him created a software program that, when installed on an array, bypasses SymmWin's secure authentication mechanism. In this way, Shi gained unfettered and unauthorized access to SymmWin — proprietary Dell EMC software — for his own personal gain.

8. Shi's workaround, though, was not just a necessary tool for Storage Services' and StorTec's servicing business: it also became a second source of illicit revenue to Shi. Beginning in approximately 2016, Shi began selling copies of his software program to *other* third-parties. Shi thus created a shadow network of third-party servicers, all using his software to gain unauthorized access to SymmWin and unfairly compete with Dell EMC for service revenue.

9. Shi's scheme continued unbeknownst to Dell until March 2020, when Dell was alerted to the existence of Shi's software program by an array owner whose service provider had utilized it in providing maintenance. Dell promptly commenced an investigation of the program. Among other things, the investigation revealed Shi to be the mastermind behind the program.

3

10.     Having learned the basics of Shi's scheme through that investigation, Dell scheduled a meeting with Shi on July 9, 2020.

11.     After receiving notice of the scheduled meeting, Shi spent the next three days attempting to cover his tracks.  Dell IT detected that, on July 6, 7, and 8, 2020, Shi deleted thousands of files from his company-issued laptop, including files explicitly referencing StorTec and Shi's software in their titles, having moved these files to USB storage devices (*i.e.*, external thumb drives and hard drives).

12.     During this same time period, Shi blatantly downloaded and absconded with additional files stored on Dell EMC's secure servers in Hopkinton, Massachusetts. These files contain myriad Dell EMC trade secrets related to *all* of Dell EMC's storage devices and describe technical processes, designs, and methodologies for providing maintenance.  The bulk of the files stolen by Shi largely were taken from a proprietary application called SolVe Desktop and incorporate Dell EMC trade secrets.  For example, the files stolen by Shi include articles, documents, and other items describing scientific, technical, and engineering designs, formulas, code, processes, procedures, methodologies, techniques, and plans relating to the operations, maintenance, and servicing of all Dell EMC storage devices (the "Stolen File Trade Secrets").

13.     During the July 9, 2020 meeting, Shi refused to acknowledge his misdeeds or provide any assurances that he would discontinue his illicit businesses.  Shi was terminated by Dell at the conclusion of the meeting.

14.     As described more fully below, Dell EMC, EISI, and Dell China have suffered damages as a direct and proximate result of the violations of law by Shi and will

continue to suffer irreparable harm as a direct and proximate result of such violations for
which there is no adequate remedy at law.

**PARTIES**

15.    Plaintiff Dell EMC is a corporation duly organized and existing under the
laws of the Commonwealth of Massachusetts with its principal place of business in
Hopkinton, Massachusetts.  Dell EMC is the owner of the SymmWin Trade Secrets and
Stolen File Trade Secrets, defined herein.

16.    Plaintiff EISI is a public unlimited company organized and existing under
the laws of the Republic of Ireland with its principal place of business in the Republic of
Ireland.  Plaintiff EISI is the exclusive licensee outside of the United States of the
intellectual property relevant to this action.

17.    Plaintiff Dell China is a limited liability company organized and existing
under the laws of the People's Republic of China with its principal place of business in
the People's Republic of China.

18.    On information and belief, Defendant Shi is a citizen and resident of the
People's Republic of China.  Until July 9, 2020, Defendant Shi was employed by Dell in
Beijing as Manager 2, Field Service.

**JURISDICTION AND VENUE**

19.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331
because this is a civil action arising under 18 U.S.C. § 1836(c) and 18 U.S.C. § 1030.
The Court has supplemental jurisdiction over claims arising under the laws of the
Commonwealth of Massachusetts pursuant to 28 U.S.C. § 1367(a) because Dell EMC's,
EISI's, and Dell China's state law claims are so related to the claims within the Court's

5

original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

20.     Defendant Shi is subject to personal jurisdiction pursuant to M.G.L. c. 223A §§3(a) and 3(d) because, as set forth below, Defendant Shi caused injury in the Commonwealth by an act occurring outside the Commonwealth through his transaction of business in the Commonwealth, his solicitation of business in the Commonwealth, his unauthorized accessing of trade secrets stored in the Commonwealth, and his derivation of substantial revenue from goods consumed and services rendered in the Commonwealth.

21.     Venue in this district is appropriate pursuant to 28 U.S.C. § 1391(b)(3).

## FACTUAL BACKGROUND

22.     Dell develops, delivers, and supports information infrastructure and virtual infrastructure technologies, solutions, and services for a broad range of customers, including businesses, governments, not-for-profits, and service providers, around the world and in every major industry, in both public and private sectors, and of sizes ranging from the Fortune 500 to small businesses and individual consumers.

23.     Dell EMC's core offerings include hardware and software storage devices, cloud computing, and infrastructure management products, services, and solutions.  To that end, and among other things, Dell EMC develops, manufactures, and sells enterprise storage array hardware and associated software that allow businesses to store large amounts of data on multiple physical hard-disk or solid-state drives managed by a central management system.

24.     Shi was hired by a Dell EMC affiliate in 2013 as a service manager. During his tenure, Shi was responsible for himself providing, and for overseeing a team that provided, certain servicing functions for customers after their purchase of a Dell EMC storage product, such as installation, configuration, and integration of the product at the customer site, as well as maintenance, troubleshooting, and repair.  In this capacity, Shi had access to confidential and proprietary Dell EMC information, including the Stolen File Trade Secrets and information regarding customer lists and arrangements/pricing for maintenance services.  In April 2020, after the 2016 acquisition of EMC Corporation by Dell Inc., Shi's employment was transferred to Dell China.

25.     Shi signed a Key Employee Agreement ("KEA") with Dell EMC.  Under the KEA, Shi was obligated to, among other things: (i) devote his full time and efforts to his employment and not to compete with the company on the side; (ii) keep confidential and protect from disclosure the company's confidential and proprietary business information, including but not limited to its trade secrets and other intellectual property; and (iii) upon his separation from the company, return all documents and other items containing confidential and proprietary business information, including but not limited to documents, programs, or other materials describing or containing trade secrets and other intellectual property.  Shi also agreed that his breach of the KEA will cause irreparable harm to Dell EMC.  The KEA covered confidential and proprietary information belonging to or obtained through Dell EMC and its affiliates.  When Shi's employment was transferred to Dell China, his KEA with Dell EMC remained in place.  Additionally, his employment agreements with Dell China contained confidentiality provisions

requiring Shi to keep any business information belonging to Dell confidential and not to disclose or use it for any purpose other than carrying out his job responsibilities.

26.     Dell provides products and services to customers in all fifty states and in dozens of countries.  To support its interstate and international commercial operations, Dell maintains an interstate and international computer network to which Shi's laptop in Beijing was connected.  Of particular note, Dell EMC stores data and files on servers located in and around, among other places, Hopkinton, Massachusetts.  All of these computers and servers are connected to the internet, as well as to Dell's network, connecting them directly to one another.  Accordingly, through his company-issued laptop physically located in Beijing, Shi was connected to and could access Dell EMC's servers in Hopkinton, which store Dell EMC files and data, including the Stolen Files (defined below).

27.     When a customer purchases a Dell EMC storage array, it purchases both: (i) the array's hardware and software; and (ii) maintenance services.  As to the latter, while the arrangements vary, upon purchase, a customer typically enters into a service contract for Dell EMC to provide maintenance on the array for one to three years.  Dell EMC also offers continued maintenance services after the expiration of the initial contract.

28.     To perform maintenance, Dell EMC utilizes software called SymmWin, which is a proprietary program developed through the investment of time, money, and other resources by Dell EMC.  SymmWin incorporates the SymmWin Trade Secrets, which include:  (i) the code and architectural details constituting SymmWin itself; (ii) compilations of information explaining the various codes and shorthand used to indicate

potential problems necessitating servicing; (iii) processes and procedures for diagnosing potential problems necessitating servicing; and (iv) methodologies for diagnosing potential problems necessitating service.

29.     Dell EMC does not grant access to SymmWin to anyone other than its own employees and agents, all of whom are subject to contractual confidentiality provisions as part of their employment or contracts with Dell EMC.  Further, the source code and internal architectural details of SymmWin are available only to a small group of Dell engineers who work on the programs and who are also subject to contractual confidentiality obligations as part of their employment.

30.     Additionally, access to SymmWin is gated by a secure authentication system.  To access SymmWin, authorized Dell EMC personnel and agents must enter a valid set of credentials.  Credentials are generated by Dell EMC using the serial number of the array to which the user requires access.  Accordingly, the credentials can be used only on the specific array for which they are generated.  Each set of credentials is valid for a specific amount of time, typically one to two days (with an outer limit of ten days).  When the credentials expire, Dell EMC must generate new credentials, with a new expiration date, for the user to continue accessing SymmWin.

31.     Dell EMC explicitly marks SymmWin as confidential and proprietary.  At each stage of the log-in and authentication process, banners and other messages inform the user in bold lettering that access to SymmWin is restricted and that SymmWin is a confidential and proprietary Dell EMC program:

9



32.     SymmWin and the SymmWin Trade Secrets are economically valuable to

Dell EMC.  SymmWin and the SymmWin Trade Secrets enable Dell EMC to provide

maintenance services on its customers' storage arrays in exchange for a fee.

33.     Shi exploited his employment to access confidential information,

including the SymmWin Trade Secrets, to learn how to engineer access to SymmWin

without proper credentials.  Having done so, while employed by Dell and using his Dell-

issued laptop and other Dell supplies, Shi then started not one, but two side businesses to

enrich himself at the expense of Dell EMC.  Shi's businesses are directly dependent on

his covert and unauthorized use of trade secret and other confidential and proprietary

information belonging to Dell EMC and directly compete with Dell EMC on the back of

that information.

34.     Shi's first business provides maintenance services to array owners whose

initial service contracts have expired.  Through two entities he formed in China —

StorTec and Storage Services — Shi offers unauthorized third-party maintenance to

Chinese customers in direct competition with Dell EMC.  Shi does this by utilizing

software he created or caused to be created that incorporates misappropriated SymmWin

Trade Secrets, among other confidential and proprietary information, to bypass

SymmWin's authentication mechanism.

35.    Shi and his companies also began to sell access to Shi's illicit access software to other third-party servicers all over the world.  One of Shi's frequent customers has been the Framingham-based GloboParts, Inc. and its principal, Eric Hukki. Shi has contacted Hukki in the Commonwealth since at least 2017 and appears to have sold numerous copies of his software to GloboParts and/or Hukki.  On information and belief, GloboParts and/or Hukki have used this software to service Dell EMC arrays located in the Commonwealth.

36.    Among other things, because of the KEA and the various steps Dell EMC takes to protect the SymmWin Trade Secrets, Shi knew or had reason to know that his access to and use of the SymmWin Trade Secrets to develop his software and compete with Dell EMC exceeded the scope of his authorized access to the SymmWin Trade Secrets.

37.    Dell EMC has lost maintenance service revenue as a direct result of Shi's actions to unfairly compete and to sell his software so that others may unfairly compete for maintenance services.  Based on the number of copies of his software that it believes through its investigation that Shi either used himself or sold to third parties (and the number of affected arrays), Dell EMC estimates that its lost servicing revenue is in the millions of dollars.

38.    On or about March 2020, when the owner of an array in Europe reached out for assistance with a maintenance issue related to Shi's software, Dell began to uncover Shi's disloyal and illicit side businesses.

39.     Dell conducted an investigation that ultimately led to the collection of extensive evidence of Shi's guilt.  Dell scheduled a meeting with Shi in July 2020 to confront him with the evidence it had collected.

40.     Upon receiving notice of the scheduled meeting, Shi, likely sensing that his illegal activities had been uncovered, immediately began trying to erase the evidence of his wrongdoing.  Over the course of the next three days, Shi deleted thousands of files from his company-issued laptop regarding his improper activities.  These files included documents and folders explicitly referencing StorTec and the name of his software. While deleting the files from his company-issued computer, he copied them to external storage devices.

41.     In the midst of his deletion spree, Shi also accessed, downloaded, and copied hundreds of proprietary and confidential documents from Dell servers onto his company laptop and then onto several external media devices (the "Stolen Files").  Most of the Stolen Files are stored on Dell EMC's servers in Hopkinton, Massachusetts.  To download them, Shi was required to access those Massachusetts-based servers through the internet-connected networks linking Dell's computers in China — including Shi's laptop — with the servers in Hopkinton, which are used in interstate and foreign commerce, including but not limited to in the manner described below.

42.     In particular, Shi accessed, downloaded, and copied hundreds of files from a Dell EMC database called SolVe Desktop ("SolVe").  SolVe houses proprietary and confidential information that Dell field service engineers use to conduct maintenance on customer storage devices.  SolVe contains information on all Dell EMC high-end storage products, including but not limited to the models of Dell EMC arrays that were targeted

by Shi in his scheme.  SolVe also contains some information from Dell EMC and its

agents related to servicing activities they have performed on Dell EMC arrays throughout

the world.

43.     Specifically, SolVe contains videos and other internal knowledge-based

articles and other materials associated with Dell storage products, including lengthy

"white papers" that describe in detail information needed to service the products.  The

"white papers" and the other information on SolVe contain confidential and proprietary

information developed by Dell EMC through years of experience and further

development of technical know-how, scientific, technical, and engineering designs,

formulas, processes, procedures, methodologies, techniques, plans, and code relating to

the operations, maintenance, and servicing of Dell EMC storage devices — the Stolen

File Trade Secrets.  Dell EMC is the owner of the Stolen File Trade Secrets, having

developed most of them prior to its acquisition by Dell Inc.

44.     As its contents are confidential, proprietary, and competitively valuable,

the public cannot access SolVe.  Accordingly, when a user logs into SolVe, much like

with SymmWin, banners and other messages inform the user in bold lettering that access

to SolVe is restricted and that SolVe is a confidential and proprietary program.

45.     Access to SolVe is limited to certain individuals within three increasingly

broad tiers of access:  Customers, Partners, and Employee.  Customer and Partner access

requires that the customer or partner agree to confidentiality provisions.  With respect to

Employee access, only certain Dell EMC employees have access to SolVe.  Dell EMC

does *not* grant SolVe access to all employees; access is given only to those employees

who might need to reference SolVe as part of their job duties.  Even employees with

access to SolVe do not have unfettered access: they must request access when it is needed, and access is granted for a 14-day period. Reauthentication — including through the use of new credentials generated by Dell — is required after that 14-day period.

46.     Dell EMC derives significant economic benefit from SolVe. Access to the Customer level of SolVe is part of the purchase price of the product, access to the Partner level of SolVe is through a licensing fee, and Dell EMC utilizes SolVe to sell maintenance services to owners of Dell EMC storage products. The Stolen Files are therefore also valuable to Shi, who can now use them to compete with Dell to provide maintenance services through StorTec and Storage Services.

47.     Dell EMC spent many years and significant sums creating SolVe, developing the maintenance solutions described therein, and perfecting those maintenance solutions.

48.     Shi knew or had reason to know that his access, downloading, and copying of the Stolen Files exceeded the scope of his authorized access. During the course of his employment, upon request (*see* ¶ 45), Shi could obtain access to SolVe. However, Shi's access to SolVe (and other Dell EMC proprietary materials) was not unlimited. As Shi was aware, Shi was required to access SolVe materials only on an as-needed basis to fulfill a legitimate business purpose. Under no circumstances was Shi permitted to access, download, or copy SolVe files — much less hundreds of them — for his personal use or the use of his (illicit) side businesses competing with Dell EMC. Stated differently, regardless of the fact that he was granted access to SolVe as an employee for the purpose of carrying out his responsibilities *for Dell*, Shi was not authorized to access

SolVe for purposes *adverse to Dell*, including competing with Dell EMC by misappropriating its confidential and proprietary information.

49.     Shi's intrusion into Dell EMC's Hopkinton servers to access and download the Stolen Files from SolVe caused damage to Dell EMC.  Not only are the files themselves independently economically valuable, used by Dell EMC to offer maintenance services to customers, but Dell was forced to hire a forensic investigator to assess the scope of Shi's intrusion.  The amount of this engagement exceeds $5,000.

## COUNT ONE
### (Violation of Defend Trade Secrets Act, 18 U.S.C. § 1836)

50.     Dell EMC and EISI restate and incorporate by reference all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

51.     Dell EMC is the owner of the Stolen Files, which are and contain significant confidential business information, including but not limited to the Stolen File Trade Secrets.  EISI is the exclusive licensee outside of the United States of the trade secrets relating to and embodied in the Stolen Files.

52.     The Stolen File Trade Secrets constitute valid and enforceable trade secrets.

53.     The Stolen File Trade Secrets are confidential, proprietary, and economically valuable.  The Stolen File Trade Secrets are not generally known or readily ascertainable.  Dell EMC took reasonable precautions to maintain the secrecy of the Stolen File Trade Secrets, including confidentiality provisions in key employment agreements and separate confidentiality agreements with employees, the use of credentials needed to access the Stolen Files, and limitation of access of the Stolen Files

only to certain employees and authorized third parties (which third parties are subject to confidentiality agreements).

54.     Shi acquired the Stolen File Trade Secrets by improper means. Specifically, Shi exceeded the scope of his authorized access — granted to him by virtue of his employment — to unlawfully download and remove the Stolen Files for purposes other than fulfilling his job responsibilities.  Shi knew or had reason to know that his acquisition of the Stolen File Trade Secrets was through improper means.

55.     On information and belief, Shi also used or will use the Stolen Files in connection with his illicit businesses.

56.     Dell EMC and EISI have suffered damages in an amount to be proven at trial as a direct and proximate result of the violations of law by Shi, and will continue to suffer irreparable harm as a direct and proximate result of such violations of law for which there is no adequate remedy at law.

## COUNT TWO
### (Violation of Defend Trade Secrets Act, 18 U.S.C. § 1836)

57.     Dell EMC and EISI restate and incorporate by reference all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

58.     Dell EMC is the owner of the SymmWin Trade Secrets, which constitute valid and enforceable trade secrets.  EISI is the exclusive licensee outside of the United States of the SymmWin Trade Secrets.

59.     The SymmWin Trade Secrets are confidential, proprietary, and economically valuable.  The SymmWin Trade Secrets are not generally known or readily ascertainable.  Dell EMC took reasonable precautions to maintain the secrecy of the SymmWin Trade Secrets, including confidentiality provisions in key employment

agreements and separate confidentiality agreements with employees, the use of secure credentials needed to access the SymmWin Trade Secrets, and limitation of access of the SymmWin Trade Secrets only to certain employees.

60.     Shi acquired the SymmWin Trade Secrets by improper means. Specifically, Shi exceeded the scope of his authorized access — granted to him by virtue of his employment — to unlawfully access, view, and copy the SymmWin Trade Secrets for purposes other than fulfilling his job responsibilities.

61.     Shi also improperly used the SymmWin Trade Secrets by creating, using, and/or selling his illicit software.  Shi knew or had reason to know that he had acquired access to the SymmWin Trade Secrets by improper means.  Even if Shi had acquired the SymmWin Trade Secrets through proper means (he did not), Shi was under a duty pursuant to the KEA to refrain from using Dell EMC's trade secrets for any purpose other an execution of his job duties.

62.     Dell EMC and EISI have suffered damages in an amount to be proven at trial as a direct and proximate result of the violations of law by Shi, and will continue to suffer irreparable harm as a direct and proximate result of such violations of law for which there is no adequate remedy at law.

**COUNT THREE**
**(Violation of Massachusetts Uniform Trade Secrets Act, M.G.L. c. 93, § 42)**

63.     Dell EMC and EISI restate and incorporate by reference all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

64.     Dell EMC is the owner of the Stolen Files, which are and contain significant confidential business information, including but not limited to the Stolen File

Trade Secrets.  EISI is the exclusive licensee outside of the United States of the trade secrets relating to and embodied in the Stolen Files.

65.     The Stolen File Trade Secrets constitute valid and enforceable trade secrets.

66.     The Stolen File Trade Secrets are confidential, proprietary, and economically valuable.  The Stolen File Trade Secrets are not generally known or readily ascertainable.  Dell EMC took reasonable precautions to maintain the secrecy of the Stolen File Trade Secrets, including confidentiality provisions in key employment agreements and separate confidentiality agreements with employees, the use of secure credentials needed to access the Stolen Files, and limitation of access of the Stolen Files only to certain employees and authorized third parties (which third parties are subject to confidentiality agreements).

67.     Shi acquired the Stolen File Trade Secrets by improper means. Specifically, Shi exceeded the scope of his authorized access — granted to him by virtue of his employment — to unlawfully download and remove the Stolen Files for purposes other than fulfilling his job responsibilities.  Shi knew or had reason to know that his acquisition of the Stolen File Trade Secrets was through improper means.

68.     On information and belief, Shi also used or will use the Stolen Files in connection with his illicit businesses.

69.     Dell EMC and EISI have suffered damages in an amount to be proven at trial as a direct and proximate result of the violations of law by Shi, and will continue to suffer irreparable harm as a direct and proximate result of such violations of law for which there is no adequate remedy at law.

## COUNT FOUR
### (Violation of Massachusetts Uniform Trade Secrets Act, M.G.L. c. 93, § 42)

70.     Dell EMC and EISI restate and incorporate by reference all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

71.     Dell EMC is the owner of the SymmWin Trade Secrets, which constitute valid and enforceable trade secrets.  EISI is the exclusive licensee outside of the United States of the SymmWin Trade Secrets.

72.     The SymmWin Trade Secrets are confidential, proprietary, and economically valuable.  The SymmWin Trade Secrets are not generally known or readily ascertainable.  Dell EMC took reasonable precautions to maintain the secrecy of the SymmWin Trade Secrets, including confidentiality provisions in key employment agreements and separate confidentiality agreements with employees, the use of secure credentials needed to access the Stolen Files, and limitation of access of the SymmWin Trade Secrets only to certain employees.

73.     Shi acquired the SymmWin Trade Secrets by improper means. Specifically, Shi exceeded the scope of his authorized access — granted to him by virtue of his employment — to unlawfully access, view, and copy the SymmWin Trade Secrets for purposes other than fulfilling his job responsibilities.

74.     Shi also improperly used the SymmWin Trade Secrets by creating, using, and/or selling his illicit software.  Shi knew or had reason to know that he had acquired access to the SymmWin Trade Secrets by improper means.  Even if Shi had acquired the SymmWin Trade Secrets through proper means (he did not), Shi was under a duty pursuant to the KEA to refrain from using Dell EMC's trade secrets for any purpose other an execution of his job duties.

19

75.     Dell EMC and EISI have suffered damages in an amount to be proven at trial as a direct and proximate result of the violations of law by Shi, and will continue to suffer irreparable harm as a direct and proximate result of such violations of law for which there is no adequate remedy at law.

### COUNT FIVE
### (Misappropriation of Confidential Business Information)

76.     Dell EMC and EISI restate and incorporate by reference all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

77.     Dell EMC's business relies upon confidential and proprietary business information, including but not limited to the SymmWin Trade Secrets and the Stolen File Trade Secrets.  EISI is the exclusive licensee of the trade secrets relating to and embodied in the Stolen Files and the SymmWin Trade Secrets.  Even if not amounting to trade secrets, the Stolen File Trade Secrets and SymmWin Trade Secrets are confidential and proprietary business information.

78.     The Stolen File Trade Secrets and SymmWin Trade Secrets are confidential, proprietary, and economically valuable.  They are not generally known or readily ascertainable.  Dell EMC took reasonable precautions to maintain their secrecy, including confidentiality provisions in key employment agreements and separate confidentiality agreements with employees, the use of secured, password-protected networks and databases, the use of secured, Dell EMC-generated credentials necessary to access the Stolen Files and the SymmWin Trade Secrets, and confidentiality agreements with any third parties to whom any confidential business information is disclosed.

79.     Shi acquired the Stolen Files and the SymmWin Trade Secrets by improper means.  Specifically, Shi exceeded the scope of his authorized access —

granted to him by virtue of his employment — to unlawfully access, view, and copy the

Stolen Files and the SymmWin Trade Secrets for purposes other than fulfilling his job

responsibilities.

80.     Shi also improperly used the SymmWin Trade Secrets by creating, using,

and/or selling his illicit software.  Shi knew or had reason to know that he had acquired

access to the SymmWin Trade Secrets by improper means.  Even if Shi had acquired the

SymmWin Trade Secrets through proper means (he did not), Shi was under a duty

pursuant to the KEA to refrain from using Dell EMC's trade secrets for any purpose other

an execution of his job duties.

81.     On information and belief, Shi also used or will use the Stolen Files in

connection with his illicit businesses.

82.     Dell EMC and EISI have suffered damages in an amount to be proven at

trial as a direct and proximate result of the violations of law by Shi, and will continue to

suffer irreparable harm as a direct and proximate result of such violations of law for

which there is no adequate remedy at law.

## COUNT SIX
### (Conversion)

83.     Dell EMC restates and incorporates by reference all of the allegations

contained in the foregoing paragraphs as if fully set forth herein.

84.     Dell EMC owns the Stolen Files.  Shi, having ended his employment, has

no right to exercise dominion or control over the Stolen Files or the SymmWin Trade

Secrets absent Dell EMC's consent.  Shi likewise has no right, absent Dell EMC's

consent, to use the Stolen Files or the SymmWin Trade Secrets in a manner that deprives

Dell EMC of its ownership interest in the Stolen Files.  Even while employed, Shi had no

right to exercise dominion or control over the Stolen Files or the SymmWin Trade
Secrets — his access to the Stolen Files and the SymmWin Trade Secrets exceeded his
authorized access.  Likewise, even while employed, Shi had no right to use the Stolen
Files or the SymmWin Trade Secrets in a matter that deprived Dell EMC of its ownership
interest in the Stolen Files and the SymmWin Trade Secrets.

85.     By his actions, Shi has deprived Dell EMC of the actual and beneficial
ownership of the Stolen Files and the SymmWin Trade Secrets.

86.     Dell EMC has suffered damages as a direct and proximate result of the
violations of law by Shi, and will continue to suffer irreparable harm as a direct and
proximate result of such violations of law for which there is no adequate remedy at law.

## COUNT SEVEN
### (Violation of Computer Fraud and Abuse Act, 18 U.S.C. § 1030)

87.     Dell EMC restates and incorporates by reference all of the allegations
contained in the foregoing paragraphs as if fully set forth herein.

88.     Dell EMC's computers, servers, and network, including but not limited to
its servers in Hopkinton, Massachusetts are protected computers.  Dell EMC's computers,
servers, and network are used in and affect interstate and foreign commerce and
communications.

89.     To fulfill his job duties, Shi was authorized to access certain of the Stolen
Files upon request of credentials for a proper business purpose.  Shi exceeded his
authorization, however, by intentionally accessing, downloading, and copying the Stolen
Files for his personal use, the use of his companies, or for the use of any other third
parties, in order to further his or their interests.  Shi intentionally exceeded his

authorization by accessing, downloading, and copying the Stolen Files for purposes adverse to Dell EMC's interests.

90.     Through his access in excess of his authority, Shi obtained data from Dell EMC's protected computers.  Shi intentionally downloaded, copied, and removed from Dell EMC hundreds of Stolen Files.

91.     Dell EMC has suffered losses in an amount exceeding $5,000.  Among other things, on information and belief, Shi also used or will use the Stolen Files in connection with his illicit businesses.

92.     Dell EMC has suffered damages as a direct and proximate result of the violations of law by Shi, and will continue to suffer irreparable harm as a direct and proximate result of such violations of law for which there is no adequate remedy at law.

## COUNT EIGHT
### (Violation of Computer Fraud and Abuse Act, 18 U.S.C. § 1030)

93.     Dell EMC restates and incorporates by reference all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

94.     Dell EMC's computers, servers, and network, including but not limited to its servers in Hopkinton, Massachusetts are protected computers.  Dell EMC's computers, servers, and network are used in and affect interstate and foreign commerce and communications.

95.     To fulfill his job duties, Shi was authorized to access certain confidential and proprietary Dell EMC information related to the SymmWin Trade Secrets.  Shi exceeded his authorized access by obtaining the SymmWin Trade Secrets and using them to create his illicit software, actions all adverse to Dell EMC's interests.

96.     Through his unauthorized access and/or access in excess of his authority, Shi obtained data from Dell EMC's protected computers.  Shi viewed and used the SymmWin Trade Secrets, or some of them, to incorporate them into his illicit software.

97.     Dell EMC has suffered losses in an amount exceeding $5,000.

98.     Dell EMC has suffered damages as a direct and proximate result of the violations of law by Shi, and will continue to suffer irreparable harm as a direct and proximate result of such violations of law for which there is no adequate remedy at law.

## COUNT NINE
### (Breach of Contract)

99.     Dell EMC restates and incorporates by reference all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

100.     The KEA is a valid and binding contractual agreement between Dell EMC and Shi.

101.     The KEA was made for valid consideration.  Under the KEA and other terms of his employment, Shi received the equivalent of hundreds of thousands U.S. dollars of total compensation and access, during his employment, to Dell EMC confidential information.

102.     Dell EMC fully performed its obligations under the KEA.

103.     Shi breached the KEA by failing to devote his full time and efforts to Dell EMC when he:  (i) devoted time and effort to the creation of StorTec, Storage Services, and his illicit software; (ii) devoted time and effort to conducting business through StorTec, Storage Services, and individually; and (iii) devoted time and effort to selling his illicit software to third parties.

104.    Shi also breached the KEA by competing with Dell EMC in the market for maintenance services individually and/or through StorTec and/or Storage Services, including but not limited to by using and selling his illicit software.

105.    As a direct and proximate result of Shi's breach of the KEA, Dell EMC has suffered damages in an amount to be proven at trial.

106.    Dell EMC has suffered and will continue to suffer irreparable harm as a result of Shi's violations of law and contract for which there is no adequate remedy at law, as Shi acknowledged in the KEA.

## COUNT TEN
### (Breach of Contract)

107.    Dell EMC restates and incorporates by reference all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

108.    The KEA is a valid and binding contractual agreement between Dell EMC and Shi.

109.    The KEA was made for valid consideration.  Under the KEA and other terms of his employment, Shi received the equivalent of hundreds of thousands U.S. dollars of total compensation and access, during his employment, to Dell EMC confidential information.

110.    Dell EMC fully performed its obligations under the KEA.

111.    Shi breached the KEA by using Dell EMC's confidential information for his own benefit and the benefit of his side businesses, including but not limited to the Stolen File Trade Secrets and the SymmWin Trade Secrets.

112.    As a direct and proximate result of Shi's breach of the KEA, Dell EMC has suffered damages in an amount to be proven at trial.

113.    Dell EMC has suffered and will continue to suffer irreparable harm as a result of Shi's violations of law and contract for which there is no adequate remedy at law, as Shi acknowledged in the KEA.

## COUNT ELEVEN
### (Breach of Contract)

114.    Dell EMC restates and incorporates by reference all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

115.    The KEA is a valid and binding contractual agreement between Dell EMC and Shi.

116.    The KEA was made for valid consideration.  Under the KEA and other terms of his employment, Shi received the equivalent of hundreds of thousands U.S. dollars of total compensation and access, during his employment, to Dell EMC confidential information.

117.    Dell EMC fully performed its obligations under the KEA.

118.    Shi breached the KEA by failing to return all Dell EMC confidential and proprietary information, materials, documents, and property, including but not limited to the Stolen Files, upon the termination of his employment.

119.    As a direct and proximate result of Shi's breach of the KEA, Dell EMC has suffered damages in an amount to be proven at trial.

120.    Dell EMC has suffered and will continue to suffer irreparable harm as a result of Shi's violations of law and contract for which there is no adequate remedy at law, as Shi acknowledged in the KEA.

## COUNT TWELVE
**(Breach of the Duty of Loyalty)**

121.     Dell EMC and Dell China restate and incorporate by reference all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

122.     Shi occupied a position of trust and confidence within Dell EMC and later Dell China.  Shi was a manager and had access to significant amounts of confidential information pursuant to his job duties, including in-depth customer information and certain confidential business intellectual property.

123.     Accordingly, Shi owed Dell EMC and Dell China a duty of loyalty.

124.     Shi breached his duty of loyalty when, for the purpose of furthering his own interests that were adverse to Dell EMC's and Dell China's interests he:  (i) diverted his time and efforts to creating StorTec, Storage Services, and his illicit software; (ii) used Dell EMC's resources, trade secrets, other intellectual property, and confidential business information to create his illicit software; (iii) competed with Dell EMC for maintenance business; and (iv) stole files containing trade secrets from Dell EMC.

125.     Dell EMC and Dell China have suffered damages as a direct and proximate result of the violations of duty by Shi, and will continue to suffer irreparable harm as a direct and proximate result of such violations for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Dell EMC, EISI, and Dell China respectfully request that this Court enter judgment in their favor against Shi and award Dell EMC, EISI, and Dell China the following relief:

    (a)     monetary damages to the extent they may be ascertained and in an amount to be determined at trial, but in no event less than $75,000;

27

(b)    restitution and/or disgorgement of ill-gotten gains;

(c)    punitive damages to the extent permitted by law;

(d)    reasonable costs and attorneys' fees in prosecution of its claims to the extent permitted by contract or law;

(e)    pre-and post-judgment interest;

(f)    preliminary and/or permanent equitable relief, including but not limited to a preliminary and permanent injunction enjoining Shi from continuing the acts of unlawful practices set forth above; and

(g)    such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs Dell EMC, EISI, and Dell China demand a jury trial on all claims so triable.

Dated:    August 7, 2020
          Boston, Massachusetts

                                    Respectfully submitted,

                                    */s/ James R. Carroll*
                                    James R. Carroll (BBO #554426)
                                    Marley Ann Brumme (BBO # 687822)
                                    SKADDEN, ARPS, SLATE,
                                        MEAGHER & FLOM LLP
                                    500 Boylston Street
                                    Boston, Massachusetts 02116
                                    (617) 573-4800
                                    james.carroll@skadden.com
                                    marley.brumme@skadden.com

                                    P. Anthony Sammi
                                    SKADDEN, ARPS, SLATE,
                                      MEAGHER & FLOM LLP
                                    One Manhattan West
                                    New York, New York 10001
                                    (212) 735-3000
                                    anthony.sammi@skadden.com

                                    *Counsel for Plaintiffs*
                                    *EMC Corporation, EMC Information Systems*
                                    *International, and Dell (China) Company*
                                    *Limited*



**LEGAL LANGUAGE SERVICES**

*A Division of ALS International, Inc.*
8014 State Line Road
Suite 110
Leawood, KS 66208

Telephone  (913) 341-3167
Toll Free    (800) 755-5775
Telefax      (913) 341-3168
www.legallanguage.com

**September 25, 2020**
2020 年 9 月 25 日

**To whom it may concern:**
致 有 关 人 士 ：

**This is to certify that the attached translation from English into Chinese is an accurate representation of the document received by this office.  This document is designated as:**
兹 证 明 ， 这 是 我 们 收 到 的 英 语 文 件 的 准 确 汉 语 译 本 。 此 文 件 是 ：

**Civil Cover Sheet**
民事案件封页

**Maria Victoria Portuguez, Manager of this company, certifies that I Ching Ng, who translated this document, is fluent in Chinese and standard North American English and qualified to translate. he/she attests to the following:**
Maria Victoria Portuguez 任 本 公 司 经 理 ， 兹 证 明 I Ching Ng 经 本 公 司 考 核 证 实 精 通 汉 语 和 北 美 标 准 英 语 ， 具 有 翻 译 资 格 。 以 下 是 他 / 她 的 证 词 ：

**"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document".**
" 据 我 所 知 ， 所 附 文 本 是 该 文 件 真 实 、 完 整 、 准 确 的 翻 译 文 本 。 "

**Signature of Maria Victoria Portuguez**
Maria Victoria Portuguez 签 名

**Subscribed and sworn to before me this September 25, 2020.**
2020 年 9 月 25 日 当 我 面 签 署 并 宣 誓 。

**Thomas R. McLean**
**Notary Public, State of Kansas**
**Qualified in Johnson County**
**Commission Expires July 31, 2022**

Thomas R. McLean
堪 萨 斯 州 公 证 员
于 约 翰 逊 郡 获 得 公 证 员 资 格
执 照 有 效 期 至 2022 年 07 月 31 日

**Sincerely,**
谨 此

**Victor J. Hertz**
**President/**总 裁

JS 44（修订 06/17）                          民事案件封页

JS 44 民事案件封页及其中包含的信息既不替代且不补充诉辩状或法律要求的其他文书之提交和送达，除非当地法院规则另有规定。本表单由美国司法会议于 1974 年 9 月批准，供法院书记员用于启动民事案卷。（参见本表单背面的指示。）

| I. (a) 原告 | 被告 |
|---|---|
| EMC 公司[EMC Corporation]、EMC 信息系统国际 [EMC Information Systems International]及戴尔（中国）有限公司 [Dell (China) Company Limited] | 史晓飞（"肖恩"）[Xiaofei Shawn Shi] |

| (b) 列出的第一原告居住besto 马塞诸塞州米德尔塞克斯县[Middlesex County, MA]（美国原告案件除外） | 第一被告居住地     不适用（仅在美国原告案件中） |

| (c) 律师（事务所名称、地址和电话号码）詹姆斯·R·卡洛[James R. Carroll]世达国际律师事务所[Skadden, Arps, Slate, Meagher & Flom LLP](617) 573-4800马塞诸塞州波士顿市博伊尔斯顿街 500 号，邮编 02116[500 Boylston Street, Boston, MA 02116] | 备注：在土地征用案件中，使用所涉及地皮所在地点。律师（若已知） |

| II. 管辖依据（仅勾选一个方框） |  | III. 主要当事人的公民身份（针对原告和被告分别勾选一个方框）（仅适用于异籍案件） | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ 1 美国政府原告 | ☐ 3 联邦问题（美国政府并非当事人） | | 原告 被告 | | 原告 被告 | | |
| | | 本州公民 | ☐ 1 ☐ 1 | 本州是成立或主要营业地点 | ☐ 4 ☐ 4 | | |
| ☐ 2 美国政府被告 | ☐ 4 异籍（在第 III 项中指明当事人的公民身份） | 另一州公民 | ☐ 2 ☐ 2 | 另一州是成立或主要营业地点 | ☐ 5 ☐ 5 | | |
| | | 外国公民或主体 | ☐ 3 ☐ 3 | 外国 | ☐ 6 ☐ 6 | | |

| IV. 诉讼性质（仅勾选一个方框） | | | | 单击此处了解：诉讼性质代码描述。 |
|---|---|---|---|---|
| **合约** | **侵权** | **没收/惩罚** | **破产** | **其他法令** |
| ☐ 110 保险 | **人身伤害** | ☐ 625 毒品相关财产扣押《美国法典》第 21 篇第 881 条 | ☐ 422 上诉《美国法典》第 28 篇第 158 条 | ☐ 375 虚假陈述法 |
| ☐ 120 海事 | ☐ 310 飞机 | | | ☐ 376 公益代位（《美国法典》第 31 篇第 3729(a) 条） |
| ☐ 130 米勒法案 | ☐ 315 飞机产品责任 | ☐ 690 其他 | ☐ 423 撤诉《美国法典》第 28 篇第 157 条 | |
| ☐ 140 可转让票据 | ☐ 320 攻击、诽谤和诬谤 | | | ☐ 400 国家重新分配 |
| ☐ 150 追回多付金额与执行判决 | ☐ 330 联邦雇主责任 | | **产权** | ☐ 410 反托拉斯 |
| | ☐ 340 海事 | | ☐ 820 版权 | ☐ 430 银行与银行业 |
| ☐ 151 医疗保险法案 | ☐ 345 海产品责任 | **个人财产** | ☐ 830 专利 | ☐ 450 商业 |
| ☐ 152 收回拖欠学生贷款（不包括退伍老兵） | ☐ 350 机动车 | ☐ 370 其他欺诈 | ☐ 835 专利－简化新药申评 | ☐ 460 驱逐出境 |
| | ☐ 355 机动车产品责任 | ☐ 371 贷款实情 | ☐ 840 商标 | ☐ 470 诈骗影响和腐败组织 |
| ☐ 153 追回多付的退伍军人福利 | ☐ 360 其他人身伤害 | ☐ 380 其他人身财产损害 | | ☐ 480 消费信贷 |
| ☐ 160 股票持有人诉讼 | ☐ 362 人身伤害－医疗失当 | ☐ 385 财产损害产品责任 | **劳动** | ☐ 490 有线/卫星电视 |
| ☐ 190 其他合约 | | | ☐ 710 公平劳动标准法 | |
| ☐ 195 合同产品责任 | **民事权利** | **囚犯请愿** | ☐ 720 劳动/管理关系 | ☐ 850 证券/商品/交易所 |
| ☐ 196 特许 | ☐ 440 其他民事权利 | **人身保护法:** | ☐ 740 铁路劳动法 | ☐ 890 其他法定诉讼 |
| | ☐ 441 投票 | ☐ 463 外国被拘留者 | ☐ 751 家庭和医疗休假法 | ☐ 891 农业法令 |
| **房地产** | ☐ 442 就业 | ☐ 510 撤销判决动议 | ☐ 790 其他劳动诉讼 | ☐ 893 环保事项 |
| ☐ 210 土地征用 | ☐ 443 住房/住宿 | ☐ 530 一般 | ☐ 791 雇员退休收入保障法案 | ☐ 895 资讯自由法 |
| ☐ 220 丧失抵押品赎回权 | ☐ 445 残疾美国人 – 就业 | ☐ 535 死刑 | | ☐ 896 仲裁 |
| ☐ 230 租赁租契与收回不动产诉讼 | ☐ 446 残疾美国人 – 其他 | **其他:** | **联邦税诉讼** | ☐ 899 行政程序法/代理决定复审或上诉 |
| ☐ 240 土地侵权 | ☐ 448 教育 | ☐ 540 强制令与引渡 | ☐ 870 税收（美国原告或被告） | |
| ☐ 245 侵权产品责任 | | ☐ 550 民权利 | ☐ 871 IRS – 第三方《美国法典》第 26 篇第 7609 条 | ☐ 950 州立法的合宪性 |
| ☐ 290 所有其他不动产 | | ☐ 555 监狱条件 | | |
| | | ☐ 560 民事拘留者－监禁条件 | **移民** | |
| | | | ☐ 462 入籍申请 | |
| | | | ☐ 465 其他移民诉讼 | |

| V. 原件（仅勾选一个方框） | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 初审程序 | ☐ 2 从州法院撤出 | ☐ 3 从上诉法院发回重审 | ☐ 4 恢复原有权利或重新审理 | ☐ 5 从另一地区移交 – 移交 | ☐ 6 跨区诉讼 – | ☐ 8 跨区诉讼 – 直接提交 |

| VI. 诉因 | 引用美国民事立法，据此提出诉讼（请勿引用管辖法规，除非是异籍案件）《美国法典》第 18 卷第 1836 条、《美国法典》第 18 卷第 1030 条 |
|---|---|
| | 诉因简述：盗用商业秘密和机密商业信息、计算机欺诈、违反合约 |

| VII. 起诉状中请求 | ☐ 如果这是集体诉讼，请勾选根据联邦民事程序法第 23 条规则 | 要求$ | 仅在起诉状中要求时才勾选"是"要求陪审团审判：  ☒ 是   ☐ 否 |
|---|---|---|---|

| VIII. 相关案件（如有） | （参见指示）    法官 | 案卷编号 |
|---|---|---|

| 日期2020 年 8 月 7 日 | 记录在案的律师签名詹姆斯·R·卡洛[James R. Carroll] | |
|---|---|---|

**仅供官方使用**

收据# _____ 金额 _____ 申请 IFP _____ 法官 _____ 地方法官 _____

JS 44 背面(修订 06/17)

# 填写民事案件封页表单 JS44 的律师须知
## 民事案件封页的授权

JS 44 民事案件封页及其中包含的信息既不替代且不补充诉辩状或法律要求的其他文书之提交和送达，除非当地法院规则另有规定。本表单由美国司法会议于 1974 年 9 月批准，供法院书记员用于启动民事案卷。因此，针对已提交的每份民事起诉状，应向法院书记员提交民事案件登页。提交案件的律师应按如下所示填写本表单：

**I. (a)  原告-被告。** 输入原告和被告的姓名（姓氏、名字和中间名首字母缩写）。如果原告或被告是政府机关，则仅使用全名或标准缩写。如果原告或被告是政府机关的官员，请依次确定机关和官员的身份，提供其名称（姓名）和职称。

**(b)  居住郡。** 对于已提交的每起民事案件，但美国原告案件除外，输入在提交案件之时第一原告所居住郡的名称。在美国原告案件中，输入在提交案件之时第一被告所居住郡的名称。（备注：在土地征收案件中，"被告"居住郡指所涉及地皮的位置。）

**(c)  律师。** 输入律师事务所名称、地址、电话号码和在案记录律师。如有多名律师，请在附件上将其列出，记录在此部分"（参见附件）"。

**II.  管辖区。** 管辖区之依据见联邦民事诉讼规则第 8(a) 条之规定，该规则要求在诉状中显示管辖区。勾选其中一个方框。如果有多条管辖区依据，则按以下顺序显示先例。
美国原告。(1) 依据《美国法典》第 28 篇第 1345 和 1348 条的管辖区。美国政府机关和高级职员诉讼列入此处。
美国被告。(2) 当原告针对美国、其高级职员或政府机关提出起诉时，请勾选此方框。
联邦问题。(3) 这指依据《美国法典》第 28 篇第 1331 条提出的诉讼，管辖区依据美国宪法、美国宪法修正案以及国会法案或美国条例。对于美国作为当事人的案件，美国原告或被告法优先，应勾选方框 1 或 2。
异籍公民身份。(4) 这是指依据《美国法典》第 28 篇第 1332 条提出的诉讼，当事人属于国家的公民。勾选方框 4 时，必须也勾选不同当事人的公民身份。（参见以下第 III 部分，**备注：联邦问题诉讼优先于异籍案件。**）

**III.  主要当事人的居所（公民身份）。** 如果已在上方表示异籍公民身份，则应填写 JS 44 的此部分。针对每个主要当事人标记此部分。

**IV.  诉讼性质。** 勾选核实的方框。如有多个诉讼性质代码与案件相关联，请选择最合适的诉讼性质代码。单击此处了解：<u>诉讼性质代码描述。</u>

**V.  起源。** 勾选以下七个方框中一个。.
原始诉讼。(1) 源自美国地区法院的案件。
从州法院移交。(2) 根据《美国法典》第 28 篇第 1441 条，在州法院提出的诉讼可移交至地区法院。如已授予移交起诉状，请勾选此方框。
从上诉法院发回重审。(3) 对于发回至地区法院重审的案件，请勾选此方框。使用发回重审日期为提交日期。
恢复原有权利或重新审理。(4) 对于在地区法院恢复原有权利或重新审理的案件，请勾选此方框。使用重新审理日期作为提交日期。
从另一地区转移。(5) 适用于根据《美国法典》第 28 篇第 1404(a) 条进行转移的案件。请勿将此转移用于地区之内转移或跨地区诉讼转移。
跨区诉讼 – 转移。(6) 在将跨地区案件转移至依据《美国法典》第 28 篇第 1407 条授权的地区时，请勾选此方框。
跨区诉讼 – 直接提交。(8) 当跨地区案件与主要 MDL 待审案件表相同的地区提交时，勾选此方框。
**请注意没有起源代码 7。** 起源代码 7 用于历史记录且由于法令变更而不再相关。

**VI.  诉因。** 报告直接与诉因相关的民事法令并提供诉讼的概述。**请勿引用管辖法令，除非是异籍案件。** 示例：美国民事法令：《美国法典》第 47 篇第 553 条概述：未授权接受有线电视服务

**VII.  在起诉状中提出请求。** 集体诉讼。如果您依据联邦民事诉讼规则第 23 条提出集体诉讼，请勾选此方框。
要求。在此空白处，请输入索赔的实际美元金额或指明其他要求，比如，初步禁令。
陪审团要求。勾选相应的方框，以指明是否要求陪审团审判。

**VIII.  相关案件。** JS 44 的此部分用于提及相关待审案件（如有）。如果存在相关待审案件，请插入该等案件的案卷编号与相应的法官姓名。

**日期和律师签名。** 在民事案件封页上签名并标注日期。

JS 44 (Rev. 06/17)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS

EMC Corporation, EMC Information Systems International, Dell (China) Company Limited

**DEFENDANTS**

Xiaofei Shawn Shi

**(b)** County of Residence of First Listed Plaintiff  Middlesex County, MA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  N/A
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

James R. Carroll  Skadden, Arps, Slate, Meagher & Flom LLP
(617) 573-4800   500 Boylston Street Boston, MA 02116

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. § 1836; 18 U.S.C. § 1030

Brief description of cause:
Misappropriation of trade secrets and confidential business information; computer fraud; breach of contract

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE  August 7, 2020

SIGNATURE OF ATTORNEY OF RECORD  James R. Carroll

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.



**LEGAL LANGUAGE SERVICES**

*A Division of ALS International, Inc.*
8014 State Line Road
Suite 110
Leawood, KS 66208

Telephone (913) 341-3167
Toll Free (800) 755-5775
Telefax (913) 341-3168
www.legallanguage.com

September 25, 2020
2020 年 9 月 25 日

To whom it may concern:
致 有 关 人 士 :

This is to certify that the attached translation from English into Chinese is an accurate representation of the document received by this office. This document is designated as:
兹 证 明 , 这 是 我 们 收 到 的 英 语 文 件 的 准 确 汉 语 译 本 。 此 文 件 是 :

CategoryForm-1-2019
分类表格1-2019

Maria Victoria Portuguez, Manager of this company, certifies that I Ching Ng, who translated this document, is fluent in Chinese and standard North American English and qualified to translate. he/she attests to the following:
Maria Victoria Portuguez 任 本 公 司 经 理 , 兹 证 明 I Ching Ng 经 本 公 司 考 核 证 实 精 通 汉 语 和 北 美 标 准 英 语 , 具 有 翻 译 资 格 。 以 下 是 他 / 她 的 证 词 :

"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document".
" 据 我 所 知 , 所 附 文 本 是 该 文 件 真 实 、 完 整 、 准 确 的 翻 译 文 本 。 "

Signature of Maria Victoria Portuguez
Maria Victoria Portuguez 签 名

Subscribed and sworn to before me this September 25, 2020.
2020 年 9 月 25 日当 我 面 签 署 并 宣 誓 。

Thomas R. McLean
Notary Public, State of Kansas
Qualified in Johnson County
Commission Expires July 31, 2022

Thomas R. McLean
堪 萨 斯 州 公 证 员
于 约 翰 逊 郡 获 得 公 证 员 资 格
执 照 有 效 期 至 2022 年 07 月 31 日

THOMAS R MCLEAN
NOTARY
MY APPOINTMENT
EXPIRES 7-31-2022
PUBLIC
STATE OF KANSAS

Sincerely,
谨 此

Victor J. Hertz
President/总 裁

## 美国地方法院
### 麻萨诸塞州[MASSACHUSETTS]地区

1. 案件标题 (仅提供每一方的第一名当事方) _____ EMC 公司[EMC Corporation]等诉史晓飞（"肖恩"）[Xiaofei Shawn Shi]

2. 根据民事诉讼封页中所列诉讼代码的编号性质，案件所属的类别。(参见本地法规 40.1(a)(1)) 。

☐   I.    160, 400, 410, 441, 535, 830*, 835*, 850, 891, 893, R.23, 不论诉讼的性质为何 。

☐   II.   110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899。

☑   III.  120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350,
         355, 360, 362, 365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 490, 510,
         530, 540, 550, 555, 560, 625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950。

         *对于专利、商标或版权案件请填写 AO 120 or AO 121。

3. 相关案例的标题和编号 (如果有) 。（请参见当地法规 40.1(g)) 如果有一个以上的先前相关案件
   已在本地区提起诉讼，请注明在本法院提起的第一起案件的标题和编号。
   _____

4. 是否曾在本法院提起过同一当事方之间基于相同的主张的先前诉讼?                      是 ☐        否 ☑

5. 本案件的诉状是否质疑影响公共利益的国会行为的合宪性? （参见《美国法典》第 28 卷 第 2403 条）
                                                                是 ☐        否 ☑

   如果是这样，美国或美国的官员、代理或雇员是一方吗?                              是 ☐        否 ☑

6. 是否需要根据《美国法典》第 28 卷第 2284 条的规定，由三名法官组成的地区法院来审理和裁决此案?
                                                                是 ☐        否 ☑

7. 除美国和马萨诸塞[Massachusetts]州联邦的政府机构（"政府机构"）外，此诉讼的所有当事方都居住在
   马萨诸塞[Massachusetts]州的同一地区吗? – (参见本地法规 40.1(d)) 。
                                                                是 ☑        否 ☐

        A.      如果是，所有非政府当事方都居住于哪个地区?
        东区 ☑                中央地区 ☐              西区 ☐

        B.      如果否，居住在马萨诸塞[Massachusetts]州的大多数原告或仅当事方（政府机构除外）居住
                在哪个地区?
        东区 ☐                中央地区 ☐              西区 ☐

8. 如果提交撤除通知 - 州法院是否有任何未决动议需要本法院的注意? (如果是，请另外提交一份表述这些动议)
                                                                是 ☐        否 ☐

(请输入或以印刷体书写)
律师名称      詹姆斯·R·卡洛[James R. Carroll]
地址          马塞诸塞州波士顿市博伊尔斯顿街500号，邮编02116 [500 Boylston Street, Boston, Massachusetts 02116]
电话号码      (617) 573-4800

(分类表格 1-2019.wpd )

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) EMC Corporation et al. v. Xiaofei Shawn Shi

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).

   ☐ I.   160, 400, 410, 441, 535, 830*, 835*, 850, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.   110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

   ☑ III.   120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 560, 625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.

   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)
   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☑   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME James R. Carroll
ADDRESS 500 Boylston Street, Boston, Massachusetts 02116
TELEPHONE NO. (617) 573-4800

(CategoryForm1-2019.wpd )



**LEGAL LANGUAGE SERVICES**

*A Division of ALS International, Inc.*
8014 State Line Road
Suite 110
Leawood, KS 66208

Telephone  (913) 341-3167
Toll Free    (800) 755-5775
Telefax      (913) 341-3168
www.legallanguage.com

September 25, 2020
2020 年 9 月 25 日

To whom it may concern:
致 有 关 人 士 ：

This is to certify that the attached translation from English into Chinese is an accurate representation of the document received by this office.  This document is designated as:
兹 证 明 ， 这 是 我 们 收 到 的 英 语 文 件 的 准 确 汉 语 译 本 。 此 文 件 是 ：

**Plaintiffs EMC Corporation's, EMC Information Systems International's, and Dell (China) Company Limited's Corporate Disclosure Statement**
原告EMC 公司[EMC Corporation]、 EMC信息系统国际[EMC Information Systems International] 及及戴尔（中国）有限公司[Dell (China) Company Limited]的企业披露声明

Maria Victoria Portuguez, Manager of this company, certifies that I Ching Ng, who translated this document, is fluent in Chinese and standard North American English and qualified to translate. he/she attests to the following:
Maria Victoria Portuguez 任 本 公 司 经 理， 兹 证 明 I Ching Ng 经 本 公 司 考 核 证 实 精 通 汉 语 和 北 美 标 准 英 语， 具 有 翻 译 资 格。 以 下 是 他 / 她 的 证 词 ：

"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document".
"据 我 所 知， 所 附 文 本 是 该 文 件 真 实、 完 整、 准 确 的 翻 译 文 本。"


Signature of Maria Victoria Portuguez
Maria Victoria Portuguez 签 名

Subscribed and sworn to before me this September 25, 2020.
2020 年 9 月 25 日当 我 面 签 署 并 宣 誓。


Thomas R. McLean
Notary Public, State of Kansas
Qualified in Johnson County
Commission Expires July 31, 2022

Thomas R. McLean
堪 萨 斯 州 公 证 员
于 约 翰 逊 郡 获 得 公 证 员 资 格
执 照 有 效 期 至 2022 年 07 月 31 日

Sincerely,
谨 此

Victor J. Hertz
President/总 裁

**美国地方法院**
**麻萨诸塞州[MASSACHUSETTS]地区**

--------------------------------------------------------  x

EMC 公司[EMC CORPORATION]、EMC 信息系           :
统国际 [EMC INFORMATION SYSTEMS
INTERNATIONAL]及戴尔（中国）有限公司              :
[DELL (CHINA) COMPANY LIMITED],
                                                                          :

           原告,                          :    民事诉讼编号:_____

   诉                                                          :

史晓飞 （"肖恩"）[XIAOFEI SHAWN SHI],         :

           被告。                        :

--------------------------------------------------------  x

**原告 EMC 公司[EMC CORPORATION]、EMC 信息系统国际[EMC INFORMATION**
**SYSTEMS INTERNATIONAL]及及戴尔（中国）有限公司[DELL (CHINA)**
**COMPANY LIMITED]的企业披露声明**

根据《联邦民事诉讼规则》第 7.1 条，原告 EMC 公司[EMC Corporation]、EMC 信

息系统国际 [EMC Information Systems International]及戴尔（中国）有限公司 [Dell (China)

Company Limited] 特此声明，它们是戴尔公司[Dell Inc.]的全资直接或间接子公司，戴尔公司[Dell

Inc.]是戴尔技术公司[Dell Technologies Inc.]（一家公开上市的公司）的全资间接子公司。戴尔技

术公司[Dell Technologies Inc.]没有母公司，也没有上市公司拥有其 10%或更多的股票。

日期: 2020 年 8 月 7 日
塞诸塞州波士顿市
[Boston, Massachusetts]

恭敬递交,


*/签名/ 詹姆斯·R·卡洛[James R Carroll]*
詹姆斯·R·卡洛[James R. Carroll] (BBO #554426)
马利·安·布鲁姆[Marley Ann Brumme] (BBO # 687822)
世达国际律师事务所[SKADDEN, ARPS, SLATE,
     MEAGHER & FLOM LLP
美国马塞诸塞州波士顿市博伊尔斯顿街 500 号,
邮编 02116
[500 Boylston Street, Boston, Massachusetts 02116]
(617)573-4800
james.carroll@skadden.com
marley.brumme@skadden.com

P·安东尼·萨米[P. Anthony Sammi]
世达国际律师事务所[SKADDEN, ARPS, SLATE,
     MEAGHER & FLOM LLP
美国纽约州纽约市曼哈顿西 1 号, 邮编 10001
[One Manhattan West, New York, New York 10001]
(212) 735-3000
anthony.sammi@skadden.com

*原告律师*
*EMC 公司[EMC Corporation]、EMC 信息系统国际 [EMC*
*Information Systems International]及戴尔（中国）有限公司*
*[Dell (China) Company Limited]*

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EMC CORPORATION, EMC
INFORMATION SYSTEMS                          :
INTERNATIONAL, and DELL (CHINA)
COMPANY LIMITED,                             :

                Plaintiffs,     :     Civil Action
                                      No. _____

      v.                                 :

XIAOFEI SHAWN SHI,                          :

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFFS EMC CORPORATION'S, EMC INFORMATION
SYSTEMS INTERNATIONAL'S, AND DELL (CHINA)
<u>COMPANY LIMITED'S CORPORATE DISCLOSURE STATEMENT</u>**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Plaintiffs

EMC Corporation, EMC Information Systems International, and Dell (China) Company

Limited hereby state that they are wholly owned direct or indirect subsidiaries of Dell

Inc., which is a wholly owned indirect subsidiary of Dell Technologies Inc., a publicly

traded company.  Dell Technologies Inc. has no parent corporation and no publicly held

corporation owns 10 percent or more of its stock.

Dated:   August 7, 2020
   Boston, Massachusetts

Respectfully submitted,

/s/ *James R. Carroll*
James R. Carroll (BBO #554426)
Marley Ann Brumme (BBO #687822)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
marley.brumme@skadden.com

P. Anthony Sammi
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
(212) 735-3000
anthony.sammi@skadden.com

*Counsel for Plaintiffs*
*EMC Corporation, EMC Information Systems*
*International, and Dell (China) Company*
*Limited*

2



**LEGAL LANGUAGE SERVICES**

*A Division of ALS International, Inc.*
8014 State Line Road
Suite 110
Leawood, KS 66208

Telephone  (913) 341-3167
Toll Free    (800) 755-5775
Telefax      (913) 341-3168
www.legallanguage.com

September 25, 2020
2020 年 9 月 25 日

To whom it may concern:
致 有 关 人 士 :

This is to certify that the attached translation from English into Chinese is an accurate representation of the document received by this office. This document is designated as:
兹 证 明 ， 这 是 我 们 收 到 的 英 语 文 件 的 准 确 汉 语 译 本 。 此 文 件 是 ：

**Notice of Appearance**
出庭通知

Maria Victoria Portuguez, Manager of this company, certifies that I Ching Ng, who translated this document, is fluent in Chinese and standard North American English and qualified to translate. he/she attests to the following:
Maria Victoria Portuguez 任 本 公 司 经 理 ， 兹 证 明 I Ching Ng 经 本 公 司 考 核 证 实 精 通 汉 语 和 北 美 标 准 英 语 ， 具 有 翻 译 资 格 。 以 下 是 他 / 她 的 证 词 ：

"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document".
" 据 我 所 知 ， 所 附 文 本 是 该 文 件 真 实 、 完 整 、 准 确 的 翻 译 文 本 。 "

**Signature of Maria Victoria Portuguez**
Maria Victoria Portuguez 签 名

Subscribed and sworn to before me this September 25, 2020.
2020 年 9 月 25 日 当 我 面 签 署 并 宣 誓 。

**Thomas R. McLean**
**Notary Public, State of Kansas**
**Qualified in Johnson County**
**Commission Expires July 31, 2022**

Thomas R. McLean
堪 萨 斯 州 公 证 员
于 约 翰 逊 郡 获 得 公 证 员 资 格
执 照 有 效 期 至 2022 年 07 月 31 日

Sincerely,
谨 此

**Victor J. Hertz**
**President/总 裁**

THOMAS R MCLEAN
NOTARY
MY APPOINTMENT
EXPIRES 7-31-2022
PUBLIC
STATE OF KANSAS

美国地方法院

麻萨诸塞州[MASSACHUSETTS]地区

```
------------------------------------------------------------  x
EMC 公司[EMC CORPORATION]、EMC 信息系          :
统国际 [EMC INFORMATION SYSTEMS
INTERNATIONAL]及戴尔（中国）有限公司            :
[DELL (CHINA) COMPANY LIMITED],
                                               :
              原告，                              :       民事诉讼编号: 20-11494-IT

       诉                                        :

史晓飞（"肖恩"）[XIAOFEI SHAWN SHI],         :

              被告。                             :
------------------------------------------------------------  x
```

**出庭通知**

在上述诉讼中，请输入我作为原告 EMC 公司[EMC Corporation]、EMC 信息系统国际

[EMC Information Systems International]及戴尔（中国）有限公司[Dell (China) Company Limited]

的记录在案的法律顾问。根据当地法规 83.5.2(b)，世达律师事务所[Skadden, Arps, Slate, Meagher

& Flom LLP]的詹姆斯·R·卡洛[James R. Carroll]，马萨诸塞州波士顿市博伊尔斯顿街 500 号

[500 Boylston Street, Boston, Massachusetts 02116], (617) 573-4800, james.carroll@skadden.com 被授

权接收此诉讼的所有通知。

日期：  2020 年 8 月 13 日              恭敬递交，
        塞诺塞州波士顿市
        [Boston, Massachusetts]

                                       /签名/马利·安·布鲁姆[Marley Ann Brumme]
                                       马利·安·布鲁姆[Marley Ann Brumme] (BBO # 687822)
                                       世达国际律师事务所[SKADDEN, ARPS, SLATE,
                                            MEAGHER & FLOM LLP]
                                       美国马塞诸塞州波士顿街 500 号，
                                       邮编 02116
                                       [500 Boylston Street, Boston, Massachusetts 02116]
                                       (617)573-4800
                                       marley.brumme@skadden.com

                                       *原告律师*
                                       *EMC 公司[EMC Corporation]、EMC 信息系统国际 [EMC*
                                       *Information Systems International]及戴尔（中国）有限公司*
                                       *[Dell (China) Company Limited]*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
EMC CORPORATION, EMC INFORMATION :
SYSTEMS INTERNATIONAL, and DELL
(CHINA) COMPANY LIMITED, :

              Plaintiffs, :     Civil Action
                                      No. 20-11494-IT
    v. :

XIAOFEI SHAWN SHI, :

             Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## **NOTICE OF APPEARANCE**

Please enter my appearance as counsel of record for Plaintiffs EMC Corporation,

EMC Information Systems International and Dell (China) Company Limited in the above-

captioned action.  Pursuant to Local Rule 83.5.2(b), James R. Carroll of Skadden, Arps, Slate,

Meagher & Flom LLP, 500 Boylston Street, Boston, Massachusetts 02116, (617) 573-4800,

james.carroll@skadden.com is authorized to receive all notices in this action.

Dated:    August 13, 2020              Respectfully submitted,
          Boston, Massachusetts

                               /s/ Marley Ann Brumme
                               Marley Ann Brumme (BBO #687822)
                               SKADDEN, ARPS, SLATE,
                                  MEAGHER & FLOM LLP
                               500 Boylston Street
                               Boston, Massachusetts 02116
                               (617) 573-4800
                               marley.brumme@skadden.com

                               *Counsel for Plaintiffs*
                               *EMC Corporation, EMC Information*
                               *Systems International and Dell (China)*
                               *Company Limited*